James W. **MAYO**, Plaintiff,

v.

James B. **EDWARDS**, Defendant.

**Civ. A. No. 81–1951.**

United States District Court, District of Columbia.

May 20, 1983.

Joyce L. Evans, of Kator, Scott & Heller, Washington, D.C., for plaintiff.

Robert C. Seldon, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., and Royce C. Lamberth, Asst.

U.S. Atty., Washington, D.C., were on brief and Marjorie Rosenthal Bloom, Dept. of Energy, Washington, D.C., was of counsel, for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

The Court has before it Plaintiff's Motion for Partial Summary Judgment, Defendant's Motion for an Order Affirming, in Part, the Decision of the Merit Systems Protection Board, the parties' oppositions, and the entire record herein. For the reasons set forth herein, the Court will grant defendant's motion, thereby dismissing Count II of plaintiff's complaint.

## BACKGROUND

Plaintiff was appointed to the position of Scientific Advisor to the Assistant Secretary for Energy Technology on April 9, 1978 at the salary level of $47,500 per year. The appointment was pursuant to § 621 of the Department of Energy Organization Act, Pub.L. No. 95–91 (1977), and made plaintiff a part of the Energy Executive Service ("EES") of the Department of Energy ("DOE"). Plaintiff was informed of the conditions of his employment through DOE's Interim Management Directive ("IMD") 3390, a copy of which was included with his letter of employment. The Directive explained that plaintiff, as a member of the "excepted service," was appointed "without regard to the civil service laws" and was subject to removal at the discretion of higher-level management with 30 days notice. Plaintiff indicated his acceptance of these conditions by signing the letter of employment.

Plaintiff served at DOE until 1981 when he and all other employees who were believed by the agency to be serving at the discretion of the Secretary, were asked to submit their resignations. DOE explained that these resignations would give newly appointed Secretary of Energy, James B. Edwards, flexibility to carry out the agency's policies. Plaintiff submitted his resignation and was informed on February 2, 1981 that his resignation would be accepted, effective the following day. On February 3, 1981, plaintiff withdrew his resignation. Nevertheless, on February 5, 1981, plaintiff was informed that his position was no longer required and he would be terminated as of February 6, 1981. That date was later changed to March 9, 1981 when DOE determined, in response to plaintiff's counsel's request, that plaintiff should be afforded the 30-day notice of termination provided for in IMD 3390, though that directive had expired on March 31, 1979.

Plaintiff appealed his separation to the Merit System Protection Board ("MSPB"), alleging, inter alia, that he should have been, but was not, accorded the full procedural protection of the reduction-in-force ("RIF") regulations. 5 C.F.R. Part 351. While the MSPB agreed with plaintiff that the RIF rules should have been applied, it found that the failure of the agency to strictly comply with these procedures was harmless error because plaintiff had ultimately received all of the protections to which he would have been entitled under the RIF regulations.

Unsatisfied with the MSPB's decision, plaintiff filed this suit, alleging in Count II that the MSPB's harmless error determination was erroneous. In Count I, plaintiff has alleged violations of Title VII of the Civil Rights Act of 1964.[1] This Court has jurisdiction over plaintiff's appeal of the MSPB's decision by virtue of 5 U.S.C. § 7703(b)(2) and this Circuit's recent decision in *Hayes v. United States Government Printing Office*, 684 F.2d 137 (D.C.1982), holding that determinations of the MSPB in mixed cases of discrimination and nondiscrimination must be reviewed initially by the district court.

---

1. Plailntiff's suit now consists of only these two counts. The original complaint stated four causes of action. Three of these were dismissed by the Court in a Memorandum Order dated June 1, 1982. In September of 1982 plaintiff filed an amended complaint adding count II.

## THE COURT WILL AFFIRM THE DECISION OF THE MSPB BECAUSE THE BOARD'S FINDING OF HARMLESS ERROR WAS NOT ARBITRARY OR CAPRICIOUS.

The standard by which the Court reviews decisions of the MSPB is set forth at 5 U.S.C. § 7703 (1982). This section provides that "the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law ...." 5 U.S.C. § 7703(c). The Court is convinced that the MSPB's affirmance of the agency's action here is valid under this standard.

 Pursuant to the RIF regulations, 5 C.F.R. Part 351, plaintiff, upon separation, would have been entitled to: 1) 30 days written notice; 2) certain retention and reemployment rights; and 3) notice in writing specifying his position and date of termination, giving reasons, if applicable, for retaining a lower-standing employee in the same competitive level, and apprising the employee of his right to appeal to the MSPB. First, plaintiff was accorded more than 30 days written notice, in that he was informed on February 6, 1981 that he would be separated effective March 9, 1981. Second, as an excepted employee, plaintiff had no right to reemployment priority. 5 C.F.R. § 351.1002. Further, he had no meaningful retention rights because he was the only employee at his competitive level and thus there was no lower level employee for him to displace. *See* 5 C.F.R. §§ 351.-402, 351.403 & 351.502. Third, although the agency did not specifically follow the form prescribed by the regulations, plaintiff did receive notice of or access to all of the items for which written notice is mandated. It is evident that plaintiff was aware of the most important and relevant of his rights—the right to appeal his termination to the MSPB—in that plaintiff exercised that right in a timely manner.

**2.** In light of the fact that plaintiff had no tenure rights, the Court questions whether he was, in fact, entitled to the procedural protections of the RIF regulations. However, because the

In order to justify reversal of the agency's actions, plaintiff must demonstrate that the agency committed harmful procedural errors in dismissing him. 5 U.S.C. § 7701(c)(2)(A); 5 C.F.R. § 1201.56(b)(1) (1980). An error is only considered harmful if the absence of the error "might have caused the agency to reach a conclusion different than the one reached." 5 C.F.R. § 1201.56(c)(3) (1980). In light of the fact that the procedures accorded plaintiff were the same as he would have received under the RIF regulations, the Court holds that the error alleged could not have affected the result achieved.

Plaintiff argues that the agency committed harmful error *per se* by failing to follow the RIF regulations, citing *Horne v. MSPB & ICC,* 684 F.2d 155 (D.C.Cir.1982). However, in *Horne* the Circuit Court specifically stated that "remand would be unnecessary if petitioners had no job tenure rights." *Id.* at 158. Plaintiff here was a non-career, excepted service employee with no job tenure rights. *See* IMD 3390. Pursuant to the reasoning in *Horne,* the Court holds that where, as here, the plaintiff had no such rights, he could not be compromised by the failure to explicitly follow proper procedures.[2] *Id.* The Court thus concludes that the MSPB's harmless error determination was not arbitrary or capricious.

An Order in accordance with the foregoing will be issued of even date herewith.

### ORDER

For the reasons set forth in the Memorandum Opinion in the above-captioned case issued of even date herewith, it is, by the Court, this 19 day of May, 1983,

ORDERED that Defendant's Motion for An Order Affirming, In Part, the Decision of the Merit Systems Protection Board is granted and Count II of plaintiff's complaint is hereby dismissed.

MSPB so decided, and review of that determination is not properly before the Court, the Court will not resolve that question here.