**James W. MAYO, Appellant,**

v.

**Donald P. HODEL, Secretary, U.S. Department of Energy.**

**No. 83–1830.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 17, 1984.

Decided Aug. 17, 1984.

Gary Howard Simpson, Bethesda, Md., for appellant.

Carolyn Galbreath, Sp. Asst. U.S. Atty., of the Bar of the Supreme Court of Ohio, pro hac vice, by special leave of the court,

for appellee. Joseph E. DiGenova, U.S. Atty., Washington, D.C., with whom Royce C. Lamberth, R. Craig Lawrence, Robert C. Seldon and Michael J. Ryan, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before TAMM and EDWARDS, Circuit Judges, and CLEMENT F. HAYNSWORTH, Jr.,* Senior Circuit Judge for the Fourth Circuit.

HAYNSWORTH, Senior Circuit Judge:

A former executive of the Department of Energy contested his release in 1981. The Merit Systems Protection Board upheld his release, and the district court upheld that judgment. We now affirm.

## I.

The plaintiff was employed as a scientific advisor to the Assistant Secretary of Energy Technology pursuant to § 621 of the Department of Energy Organization Act, 42 U.S.C.A. § 7231. That section authorized the employment of a limited number of professional employees "without regard to the civil service laws." They were to be assigned no numerical grade and could be paid up to the maximum rate allowable for GS 18 employees.

Pursuant to § 621, the Department created the Energy Executive Service. The conditions of the appointment of those in that Service were set forth in the Department's Interim Management Directive 3390.[1] Their employment could be terminated at the discretion of higher managerial officials upon thirty days' written notice.

They might be eligible for severance pay, which the plaintiff received, and retirement benefits, but those, such as the plaintiff, who were not in federal employment immediately before their employment as a member of the Energy Executive Service, were not entitled to any future placement or right of "retreat" in the Department.

In 1981 the plaintiff's position as scientific advisor to the Assistant Secretary of Energy Technology, along with other positions, was abolished, and the plaintiff's appointment was terminated on thirty days' written notice.

The plaintiff protested his separation in a proceeding before the Merit Systems Protection Board. He contended that a Reduction-in-Force had occurred, but that he was entitled to the benefit of the RIF rules and that the Department's failure to apply the RIF rules constituted harmful, procedural error.

The Board concluded that the provision of IMD 3390 authorizing termination of the plaintiff at the discretion of the Secretary was unauthorized by § 621 of the Department of Energy Organization Act. It held that employment without regard to civil service laws was authorized but not termination of employment. However, it concluded that the Department's failure to apply the RIF rules had not been harmful error since the plaintiff was the sole member of his competitive area at his competitive level.

After some initial procedural skirmishing, the district court affirmed

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1976).

1. Employees in the Energy Executive Service are given DOE Excepted Appointments. They are selected noncompetitively, although competitive procedures will be used when appropriate. Employees in the Energy Executive Service are subject to removal from their appointment, their assignment (position) and the Department at the discretion of higher managerial officials except as provided below for career-type civil service employees. Those given DOE Excepted Appointments are required to sign an agreement which covers the conditions of the appointment. Those given DOE Excepted Appointments who

did not hold a Career or Career-Conditional Appointment in the Federal service immediately prior to receiving the DOE Excepted Appointment are not entitled to any future placement or "retreat" right in the Department, and upon recommendation of their supervisory official and approval of the Executive Personnel Board, they are subject to removal from the Department with thirty days' notice. Those separated from the Department under the provisions of this system are eligible for severance pay and may be eligible for retirement benefits, if applicable Civil Service Commission requirements are met.

MSPB's determination, *Mayo v. Edwards,* 562 F.Supp. 907 (D.D.C.1983).[2] The district judge expressed doubt about the applicability of the RIF rules but agreed with the Board that the failure to apply them in this case was not harmful.

## II.

In this court, the Department does not contest the Board's determination that the RIF rules should have been applied. It urges affirmance solely on the basis of the conclusion of the Board and the district court that the procedural error was harmless. On the other hand, the plaintiff concedes that his failure to have received a prescribed RIF notice was harmless in all respects save the failure to determine his competitive area, competitive level and retention standing. When a RIF occurs, those in the same competitive area and at the same competitive level must be ranked on the basis of employment tenure, military service, service date and job performance, and those at the bottom of the retention list must be released before those at higher levels. 5 C.F.R. § 351.401–.501. Excepted employees, such as the plaintiff, must also be ranked in that fashion.

The Department's failure to apply the RIF rules in releasing him, however, does not invalidate his separation unless he can show the Department's error to have been harmful. 5 U.S.C.A. § 7701(c)(1)(A). Harmful error is defined in 5 C.F.R. § 1201.56 as one which might have caused the Agency to reach a conclusion at odds with the one it otherwise would have reached and causes substantial harm or prejudice to the rights of the employee.

## III.

The plaintiff did not show that the Department's error, if error there was, was harmful. The Board's conclusion was that the plaintiff "was the only employee on the retention register in his competitive level."

The district court agreed, concluding that the plaintiff "had no meaningful retention rights because he was the only employee at his competitive level and thus there was no lower level employee for him to displace." 562 F.Supp. at 909.

■ Ordinarily, speculation in this court about what the Department might have done had it applied the RIF rules is foreclosed. *Horne v. Merit Systems Protection Board,* 684 F.2d 155 (D.C.Cir.1982). In *Horne,* two career attorney-advisors in the Interstate Commerce Commission were demoted from grade GS 15 to grade GS 14 when the Commissioners for whom they had last worked departed. The RIF procedures had not been applied. The MSPB found the error harmless, for the lawyers' competitive areas might have been defined as the offices of the departing Commissioners. It was far from clear, however, that that was the definition which would have been applied had the Commission proceeded under the RIF rules. The two lawyers were longtime career employees who had worked for different Commissioners of both political parties, and there were vacancies for lawyers in grade GS 15 in the same Bureau. This court held that the discretion lodged in the Commission should be exercised by it and not by the Board or this court.

■ Here, there were no obvious alternatives. The Board and the district court seem plainly right in concluding that the plaintiff was alone in his competitive area and competitive level. It is not a case calling for an exercise of the Department's discretion under a proper application of the RIF rules.

With good sense, counsel for the plaintiff disclaims any interest in a remand to the Department for a determination of the plaintiff's retention standing under the RIF rules. He wants a declaration that the procedural error made the plaintiff's release a nullity from the outset, so that he

---

**2.** Usually, review of an MSPB determination would be in the court of appeals, but the plaintiff had included a claim of racial discrimination in violation of Title VII. Because of the inclusion of that claim, later dismissed by the plaintiff, initial review was properly in the district court. *See Hayes v. U.S. Government Printing Office,* 684 F.2d 137 (D.C.Cir.1982).

would be entitled to reinstatement and back pay without any further determination under the RIF rules. That is not the direction of *Horne,* and the plaintiff has no right to avoid an exercise of departmental discretion if an exercise of that discretion would have been appropriate initially.

Since, in this case, there was no room for the exercise of departmental discretion to come to a different conclusion under the RIF rules, we agree with the Board and the district court that the plaintiff has failed to show that the procedural error was harmful.[3]

*Affirmed.*

---

**3.** The district court also sought to distinguish *Horne* on the basis that the plaintiff had no tenure. In *Horne,* there are dicta to the effect that the demotions would have been valid if the two lawyers had been employees subject to ter-

mination at the discretion of the Commission, but the Board's conclusion that the plaintiff was entitled to the benefit of the RIF rules gives him something in the nature of conditional tenure.