Gary N. WIGGINS, Petitioner,

v.

The UNITED STATES POSTAL
SERVICE, Respondent.

No. 81–4007
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Aug. 12, 1981.

Rehearing Denied Sept. 25, 1981.

Cecil Elfenbein, Dallas, Tex., for petitioner.

Stephen E. Alpern, Assoc. Gen. Counsel, Harvey David Rumeld, U.S. Postal Service, Washington, D.C., William Kanter, Appellate Staff, Civil Div., Frederick Geilfuss, U.S. Dept. of Justice, Washington, D.C., for respondent.

Before GEE, RUBIN and RANDALL, Circuit Judges.

RANDALL, Circuit Judge:

In this action Gary N. Wiggins, a former employee of the United States Postal Service who challenges his dismissal from that agency, seeks to appeal an adverse order of the Merit Systems Review Board (the Board) pursuant to 5 U.S.C. § 7703(b) (Supp. III 1979). However, this action is a "case of discrimination subject to the provisions of [5 U.S.C. § 7702]; " in such a case the circuit courts have no jurisdiction to hear the appeal, and the employee must instead bring an action in the district courts. In order to protect Wiggins' proper remedies, we vacate the Board's order and remand this case to the Board so that it may enter a fresh order on the basis of which Wiggins may bring a timely action in the district courts.

## I.

■ Wiggins contends that 5 U.S.C. § 7703(b) confers jurisdiction on the courts of appeals to hear appeals from final judgments of the Board.[1] Section 7703(b)(1) as a general rule does indeed grant such jurisdiction. However, section 7703(b)(2) excepts from this jurisdiction "cases of discrimination subject to the provisions of [5 U.S.C. § 7702]."[2] This action is just such a "case of discrimination." Wiggins challenges his dismissal by the Postal Service on several grounds, but one of these is the government's alleged discrimination against him on the basis of his handicap. Wiggins' claim ultimately rests on section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 (1976), which the Board is empowered to enforce by virtue of 5 U.S.C. § 2302(b)(1) (Supp. III 1979). Wig-gins' discrimination claim is thus clearly within the bounds of section 7702, *supra* at note 2, which by its own terms applies to "any employee . . . who . . . alleges that a basis for the action was discrimination prohibited by . . . section 501 of the Rehabilitation Act of 1973."[3]

Since Wiggins relies for his discrimination claim on section 501 of the Rehabilitation Act of 1973, he may seek review of the Board's decision only by filing an action in accordance with section 717(c) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c) (1976). *See* 29 U.S.C. § 794a(a)(1) (Supp. III 1979). Section 717(c) allows the aggrieved employee to file a civil action "as provided in section 2000e–5 of this title;" section 2000e–5(f)(3) places the jurisdiction of actions allowed therein in the district courts.[4] Therefore Wiggins' proper remedy

1. 5 U.S.C. § 7703(b) (Supp. III 1979) provides in pertinent part as follows:

    (1) Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the Court of Claims or a United States court of appeals as provided in chapters 91 and 158, respectively, of title 28.

    (2) Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable.

2. 5 U.S.C. § 7702 extends to:

    . . . the case of any employee or applicant for employment who—

    (A) has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board, and

    (B) alleges that a basis for the action was discrimination prohibited by—

    (i) section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16),

    (ii) section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(d)),

    (iii) section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),

    (iv) sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a), or

    (v) any rule, regulation, or policy directive prescribed under any provision of law described in clauses (i) through (iv) of this subparagraph . . . .

    5 U.S.C. § 7702(a)(1) (Supp. III 1979).

3. Wiggins does not contend that his action is not "a case of discrimination," but he does argue that his action is not "subject to the provisions of section 7702." For this contention Wiggins relies on section 7702(e), which in certain circumstances allows an employee to file a civil action in the district courts despite the absence of a final, judicially reviewable order. It is true that Wiggins' action does not fall under section 7702(e), for the circumstances enumerated therein arise only when the employer agency, the Board or the Equal Employment Opportunity Commission fail to act on the employee's complaint within a specified period of time; in this case the Board timely issued its decision. However, section 7702(e) is not the *only* source of reviewable orders under section 7702. It was designed merely to "assure the employee the right to have as expeditious a resolution of the matter as possible." H.R.Conf.Rep.No. 95–1717, 95th Cong., 2nd Sess. 140–41 (1978), *reprinted in* [1978] U.S. Code Cong. & Ad. News 2723, 2860, 2874.

4. 42 U.S.C. § 2000e–5(f)(3) (Supp. III 1979) provides the rules for both jurisdiction and venue. The section reads in full as follows:

    Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have

lies not in an appeal to this court, but rather in an original civil action filed in the district courts.

Our conclusion is buttressed by the legislative history of section 7703. Prior to the Civil Service Reform Act of 1978 (the Act), employees who sought to challenge final decisions of the Civil Service Commission were generally required to file their claims in the district courts. However, appeals to such a large number of courts "caused wide variations in the kinds of decisions which [had] been issued on the same or similar matters;" in order to remedy this problem, the Congress provided in section 7703 that final orders of the Board (which, along with the Office of Personnel Management, has replaced the Civil Service Commission) generally be reviewable by the Court of Claims and the courts of appeals. S.Rep.No. 95–969, 95th Cong., 2nd Sess. 63 (1978), *reprinted in* [1978] U.S. Code Cong. & Ad. News 2723, 2785. But the Congress was careful to except from this change in appellate jurisdiction all cases involving complaints of discrimination. Review in such cases was left to original actions brought in the district courts; this procedure was adopted in order to protect "the existing rights of employees to trial de novo" in discrimination cases. H.R.Conf.Rep.No. 95–1717, 95th Cong., 2nd Sess. 141 (1978), *reprinted in* [1978] U.S. Code Cong. & Ad. News 2860, 2874. As the Senate Report on the Act explains:

> District court is a more appropriate place than the Court of Appeals for these cases since they may involve additional fact-finding. Furthermore, discrimination complaints involving employees outside the Federal government are now considered by U.S. District Courts. To encourage uniformity in judicial decisions in this area both kinds of cases should continue to be considered by the U.S. District Court.

S.Rep.No. 95–969, *supra*, at 63. The discrimination claim in the case now before us is particularly appropriate for district court consideration, for Wiggins has moved in this court to introduce additional evidence which is not in the administrative record of the Board. Since he is entitled to *de novo* review, Wiggins may introduce his additional evidence in an original proceeding brought in the district courts.

## II.

■ In addition to his discrimination claim, Wiggins challenges the procedures under which he was dismissed by the Postal Service. This "mixed" nature of the case raises an important jurisdictional question: does section 7703 require the district court to decide the employee's non-discrimination claims along with his discrimination claims? We believe that it does, and we therefore decline to retain jurisdiction over Wiggins' non-discrimination claims.

Our analysis begins with the language of the statute. Section 7702 is not limited to individual *claims* of discrimination, but is instead extended to any "*case* of any employee ... who alleges that a basis for the action was discrimination ...." 5 U.S.C. § 7702(a)(1) (emphasis added). This language echoes descriptions found in the legislative history of the Act. The Senate Report, for example, refers to the district courts' jurisdiction over decisions and orders of the board "involving discrimination complaints." S.Rep.No. 95–969, *supra*, at 63. Thus, both the statute and its legislative history define jurisdiction in terms of "cases" which "involve discrimination," and not in terms of "discrimination claims;" this suggests that the Congress intended district court jurisdiction to extend to *all* claims in any case involving a charge of discrimination. Indeed, this interpretation is consistent with the statute's treatment of mixed cases in previous stages of the process: section 7702 explicitly requires the

worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

Board in appealable cases alleging both discrimination and non-discrimination claims to decide *both* issues. 5 U.S.C. § 7702(a)(1)(B).

We recognize that the Congress sought as a general rule to vest jurisdiction of appeals from Board decisions not involving discrimination claims in the courts of appeals; as noted above, the Congress desired thereby to reduce the wide variations in decisions which had resulted from appeals to district courts. However, this concern must be tempered with the fact that district court decisions in such cases are themselves appealable to the courts of appeals, and must be balanced against the tremendous waste of judicial resources that bifurcation of one case between district and circuit courts would inevitably entail. If an individual appeal from the Board were divided into separate discrimination and nondiscrimination cases, the district and circuit courts each would be required initially to hear the case, and each would be forced to consider the case in the absence of some claims which may be dispositive.[5] In the context of these concerns we are convinced that the statutory language should be read literally, that is, to vest initial jurisdiction in the district courts over any "case" in which an employee alleges discrimination as "a basis for the action."[6]

### III.

If this appeal is dismissed for lack of jurisdiction, Wiggins will be unable to procure any judicial review of the Board's decision in his case, for the time limit for initiating an action in the district courts has already passed. 42 U.S.C. § 2000e–16(c) (1976). However, since the question of jurisdiction "was not obviously settled by prior decisions," we think it proper to frame our order so as "to save [Wiggins'] proper remedies." *Phillips v. United States,* 312 U.S. 246, 254, 61 S.Ct. 480, 484, 85 L.Ed. 800 (1941). Accordingly, we VACATE the order of the Board and REMAND this case to the Board so that it may enter a fresh order on the basis of which Wiggins may bring a timely action in the district courts. *See, e. g., MTM, Inc. v. Baxley,* 420 U.S. 799, 804, 95 S.Ct. 1278, 1281, 43 L.Ed.2d 636 (1975); *Mitchell v. Donovan,* 398 U.S. 427, 431–32, 90 S.Ct. 1763, 1765, 26 L.Ed.2d 378 (1970); *Phillips v. United States, supra.* Each party shall bear its own costs on this appeal.

IT IS SO ORDERED.

---

5. Conceivably the circuit court could hold the appeal on non-discrimination claims in abeyance pending completion of proceedings in the district court on discrimination claims. At best, however, this would alleviate only some of the judicial waste, for the district court would still have no choice but to hear the discrimination claim in isolation from non-discrimination claims which may be dispositive of the case. Moreover, we have found no statutory venue requirement that simultaneous district and circuit court appeals be brought in the same circuit, and this fact would make it difficult at best to coordinate the two cases.

6. Wiggins argues that in the interest of judicial economy the entire case should be heard in the court of appeals, treating his discrimination claims as somehow "ancillary" to his non-discrimination claims. We disagree. Although consolidation of the case for hearing by any one court, district or circuit, would avoid a waste of judicial resources, consolidation before the circuit court would ignore both the literal terms of the statute and the reason for placing jurisdiction in the district courts to begin with: the employee is entitled to a *de novo* hearing on his discrimination claim, and such a factual proceeding is possible only in the district courts.