Lloyd J. HAYES, Petitioner,

v.

UNITED STATES GOVERNMENT PRINTING OFFICE, Respondent.

No. 80-2425.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 12, 1982.

Decided July 30, 1982.

Manuel R. Geraldo, Washington, D. C., with whom Gerald S. Robinson, Washington, D. C., was on the brief, for petitioner.

Frederick Geilfuss, Atty., Dept. of Justice, Washington, D. C., with whom William Kanter, Atty., Dept. of Justice, Washington, D. C., was on the brief, for respondent. Jane M. Edmisten, Attorney, Merit Systems Protection Bd., Washington, D: C., also entered an appearance for Merit Systems Protection Bd.

Before ROBINSON, Chief Judge, McGOWAN, Senior Circuit Judge, and NORTHROP *, United States Senior District Judge for the District of Maryland.

Opinion for the Court filed by Senior Circuit Judge McGOWAN.

McGOWAN, Senior Circuit Judge:

In this action, Lloyd Hayes, a former employee of the U.S. Government Printing Office (GPO), seeks review of a decision of the Merit Systems Protection Board (MSPB) upholding his removal from government service. Because we hold that we lack jurisdiction to review this determination, we dismiss the petition for review.

I

By letter dated December 10, 1982, GPO, then the employer of petitioner Hayes, gave him advance notice of its intent to remove him from its employ for (1) fighting or creating a disturbance; (2) striking or attempting to strike a fellow employee; and (3) recurrent tardiness. Exh. 1, Addendum to Petitioner's Br. Petitioner appealed his removal to the MSPB, as was his right, alleging that the removal was invalid because it was (a) not justified by sufficient evidence of wrongdoing and (b) the result of discrimination based on race.

The presiding official who conducted an initial hearing on petitioner's appeal affirmed the agency's action. He found it to be supported by a preponderance of the evidence,.and he further found "no basis on which to conclude that the [petitioner] was discriminated against because of his race." Dec.No. DC075209222, at 3, Addendum to Petitioner's Br. The MSPB declined to review this initial decision.

Hayes thereafter bifurcated his case, filing a petition with the Equal Employment Opportunity Commission (EEOC) seeking consideration of the discrimination claim and, at the same time, filing a petition for review in this court on the nondiscrimination claim of the insubstantiality of the evidence. Respondent GPO filed a motion to dismiss for lack of jurisdiction.[1]

II

The Civil Service Reform Act of 1978 (CSRA), Pub.L.No.95–454, 92 Stat. 1111 (codified in 5 U.S.C. (Supp. III 1979)), provides that final decisions of the MSPB are generally reviewable in the courts of appeals or the Court of Claims. 5 U.S.C. § 7703(b)(1) (Supp. III 1979). In such cases, review is on the administrative record. The court may set aside agency action only if arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, procedurally infirm, or unsupported by substantial evidence. *Id.* § 7703(c).

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. A motions panel of this court denied respondent's motion on July 2, 1981. We note, however, that in this court a merits panel is not bound by a motions panel's denial of a preliminary motion to dismiss for lack of jurisdiction. *See Association of Investment Brokers v. SEC,* 676 F.2d 857, at 864 (D.C.Cir.1982) ("we state, with the approval of the full court, that a motions panel order simply denying a motion to dismiss without saying more is without prejudice to reexamination upon full briefing and argument of the case"). Consequently, we are free to consider anew the issue of our jurisdiction to review the decision of the MSPB in this case.

The Act creates an exception, however, for "[c]ases of discrimination." *Id.* § 7703(b)(2). Such cases include those in which an employee "alleges that a basis for the action was discrimination prohibited by . . . section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16) . . . ." *Id.* § 7702(a)(1)(B). They are to "be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)) . . . as applicable. . . .," *id.* § 7703(b)(2), and are reviewable *de novo* by the district court. *Id.* § 7703(c). *See Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976).

Read together with the rest of the Act, these sections provide two different types of procedures for employees contesting agency action. If an employee does not allege that "a basis" of the agency action was discrimination, he may appeal directly from the MSPB to the courts of appeals or Court of Claims. If, however, discrimination is alleged, the employee may either immediately file suit in a district court or follow an administrative procedure. 5 U.S.C. § 7702(a)(2) (Supp. III 1979). The administrative route consists of a Board hearing and decision on the entire claim, followed by a choice between judicial review at that point or review of the discrimination claim before the EEOC. *Id.* § 7702(a)(3). If the Commission agrees to review the Board's decision, it may concur in it or, upon the finding of particular errors, issue a different decision. *Id.* § 7702(b)(3). The Board may then concur in the Commission's decision or reaffirm its initial decision. *Id.* § 7702(c). If the two agencies are unable to agree, the matter is certified to a special panel for a final administrative determination. *Id.* § 7702(d).

If the employee has elected the administrative route and has pursued his claim before the EEOC, he may seek review *de novo* in the district court 180 days after he files the petition before the EEOC, or when there is final agency action on the matter. *Id.* § 7702(e). *See* H.R.Rep.No.1717, 95th Cong., 2d Sess. 141 (1978) (conference report), U.S. Code Cong. & Admin. News 1978, pp. 2873–74.

The question before us is whether a case in which an employee raises allegations both of discrimination and of insufficient evidence to support the agency decision is to be treated like a case in which "a basis" is discrimination, or whether the discrimination and nondiscrimination claims should be separated for purposes of review, with the former going to the district court and the latter to the court of appeals.

The plain language of the statute suggests that a mixed case is to be treated as a unit, and is to be brought before the district court. When Congress included within this group cases in which "*a basis*" is discrimination, rather than only cases in which "*the* basis" is discrimination, it implied that mixed cases were to receive this treatment.

The legislative history of the CSRA strengthens this reading of the language. The House Report on the Act indicates that cases of discrimination include "all mixed cases, that is, cases involving any action that could be appealed to the MSPB and which involve an allegation of discrimination . . . ." *Id.* at 140, U.S. Code Cong. & Admin. News 1978, p. 2873.

This is consistent with the treatment of such cases at the administrative level, where cases involving discrimination and nondiscrimination claims are treated as a unit. Congress clearly recognized that bifurcated treatment at that level was undesirable:

> Any provision denying the Board jurisdiction to decide certain adverse action appeals because discrimination is raised as an issue would make it impossible for the government to have a single unified personnel policy which took into account the requirements of all the various laws and goals governing Federal personnel management. In the absence of full Board jurisdiction, forum shopping and inconsistent decisions, perhaps arising out of the same set of facts, would result.

S.Rep.No. 969, 95th Cong., 2d Sess. 53 (1978), U.S. Code Cong. & Admin. News 1978, pp. 2723, 2775.

Although it did not, perhaps, speak quite as clearly in the legislative history to the desirability of joint treatment at the judicial level, Congress did indicate its strong desire that cases in which "a basis" is discrimination be heard before the district court:

> District court is a more appropriate place than the Court of Appeals for these cases since they may involve additional fact-finding. Furthermore, discrimination complaints involving employees outside the Federal government are now considered by U.S. District Courts. To encourage uniformity in judicial decisions in this area both kinds of cases should continue to be considered by the U.S. District Court.

*Id.* at 63, U.S. Code Cong. & Admin. News 1978, p. 2785. The House Report stated that this procedure was intended to preserve "the existing rights of employees to trial de novo" in discrimination cases. H.R. Rep.No.1717, 95th Cong., 2d Sess. 141 (1978) (conference report), U.S. Code Cong. & Admin. News 1978, p. 2874.

Every court of appeals considering the issue of appropriate disposition of mixed cases has concluded that, in the light of this language and legislative history, and of the policies involved as well, such cases must be treated as a unit and must go first to the district courts.[2] In *Wiggins v. United States Postal Service*, 653 F.2d 219 (5th Cir. 1981), the petitioner sought review of the affirmance by the MSPB of his dismissal from government service. Wiggins challenged the agency action on a number of bases, one of which was that the agency had allegedly discriminated against him owing to his handicap. In holding that it lacked jurisdiction to review any of his contentions, the court concluded that "Congress intended district court jurisdiction to extend to *all* claims in any case involving a charge of discrimination." *Id.* at 221. In support of this conclusion, the court pointed to the policies favoring joint treatment. In the absence of such treatment, the court feared

> the tremendous waste of judicial resources that bifurcation of one case between district and circuit courts would inevitably entail. If an individual appeal from the Board were divided into separate discrimination and nondiscrimination cases, the district and circuit courts each would be required initially to hear the case, and each would be forced to consider the case in the absence of some claims which may be dispositive.

*Id.* at 222 (footnote omitted).

### III

We agree with the other courts of appeals that have considered this question that determinations by the MSPB in mixed cases of discrimination and nondiscrimination must be reviewed initially by the district court. The language of the CSRA, the legislative history of the Act, and the policies supporting joint treatment favor this result.

In the instant case, we are confronted with a petitioner who, pursuing only a non-discrimination claim in this court, pursued—and continues to pursue—a discrimination claim in an administrative forum.[3] Although he does not raise the issue of discrimination at this time in this court, strong policies favor treating this type of case as a mixed case.

First, the MSPB, whose decision petitioner asks us to review, made its determination on the basis of both claims. Second, as the *Wiggins* court noted, to split the discrimination and nondiscrimination claims, which are closely related both logically and as a factual matter, would result in a tremendous waste of judicial resources while the district court and court of appeals twice

---

**2.** *Chang v. MSPB*, 677 F.2d 173 (1st Cir.1982); *Christo v. MSPB*, 667 F.2d 882 (10th Cir. 1981), *mandate recalled, dismissal vacated and petition transferred*, 667 F.2d 882, 885 (1982); *Wermers v. MSPB*, No. 80–7675 (9th Cir. Sept. 9, 1981); *Wiggins v. United States Postal Ser-* *vice*, 653 F.2d 219 (5th Cir. 1981); *Von Minden v. Nuwes*, No. 80–7764 (9th Cir. April 30, 1981), *cert. denied*, 454 U.S. 1032, 102 S.Ct. 569, 70 L.Ed.2d 474 (1981).

**3.** Respondent's Br. at 2.

consider virtually the identical issues.[4] Finally, were we to affirm the decision of the MSPB, concluding that the agency brought forth sufficient evidence to sustain its charges, we would run the risk of depriving petitioner of the full procedure provided by Congress for evaluation of his discrimination claim. And were we to stay consideration of the nondiscrimination claim pending resolution of the discrimination claim, we would come no closer to granting petitioner the speedy consideration of the former that he seeks.[5]

---

Consequently, in view of the language of the statute itself, the intent of the legislature, and the strong policies favoring initial district court review of mixed cases, we dismiss Hayes's petition for review. When the administrative procedure advances to fruition, Hayes may bring his entire mixed case before the district court for review *de novo* of the discrimination claim, and review on the record of his nondiscrimination claim.

*It is so ordered.*

---

4. The difficulty involved in separating discrimination and nondiscrimination claims at the administrative level was brought to the attention of the Congress in a letter from the Comptroller General, which was reproduced in the House Report on the CSRA:

> [a] clear distinction between an equal employment and merit principle complaint is difficult, if not impossible, and employees frequently perceive their problems to be both. We believe that placing the adjudication of these complaints in different organizations will invite duplicate or two track appeals on the same issues simultaneously, or sequentially, to EEOC and MSPB. In addition to wasting time, effort and money, this situation poses a very real potential for differing definitions of issues, inconsistent interpretations of laws, regulations and irreconcilable decisions.

H.R.Rep.No.1403, 95th Cong., 2d Sess. 107 (1978). This problem is evident even in this case in which petitioner purports to leave his entire discrimination claim below. One of the procedural issues raised in his brief deals directly with the refusal of the Board to allow cross-examination of a witness whose "testimony was essential in proving that Petitioner was a victim of disparate treatment and unlawful discrimination." Petitioner's Br. at 26–27.

5. The court in *Wiggins* rejected the suggestion that it retain jurisdiction of the appeal, pending resolution of the discrimination claim by the district court, because "the district court would still have no choice but to hear the discrimination claim in isolation from non-discrimination claims which may be dispositive of the case." 653 F.2d at 222 n.5. Additional procedural problems might result were the two actions brought within different circuits.