James **CHANG**, Plaintiff,

v.

**William French SMITH, Defendant.**

**Civ. No. 81–1598(PG).**

United States District Court,
D. Puerto Rico.

Oct. 31, 1984.

Raul Barrera Morales, Santurce, P.R., Scott Kalisch, Old San Juan, P.R., Paul Calvesbert, San Juan, P.R., for plaintiff.

Eduardo Toro-Font, Assistant U.S. Atty., Federal Bldg., Hato Rey, P.R., for defendant.

OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

This action dates back to August 21, 1981, when the above named plaintiff filed a complaint in this District Court seeking review of a final decision of the Merit Systems Protection Board (hereinafter "MSPB"), rendered on July 21, 1981. In that decision, the MSPB reinstated the dismissal of plaintiff by the Immigration and Naturalization Service (hereinafter "INS") of the United States Department of Justice.

Plaintiff had been informed by the INS on April 23, 1980, of its intention to dismiss him from his job effective April 30, 1980. He had been charged with improper use of

official information and of conduct deemed prejudicial to the service.

On August 19, 1981, the law firm of Chapman, Duff & Paul entered an appearance on plaintiff's behalf in the case of *Chang v. Merit Systems Protection Board and Immigration and Naturalization Service*, 677 F.2d 173 (1st Cir.1982), in the United States Court of Appeals for the First Circuit, which appearance, while not personally requested by plaintiff, was not opposed by him or withdrawn at his instance. Furthermore, it was in no way harmful or prejudicial to his case. Said appearance sought judicial review of the MSPB decision of July 21, 1981.

On August 21, 1981, as stated before, this action was filed in this Court by Raúl Barrera Morales, Esquire, on behalf of plaintiff. In his complaint plaintiff sought "to redress discrimination and to review a final decision of the Merit Systems Protection Board." (Plaintiff's Complaint, par. 1). Thus, at the same time this suit was filed, there was in the Court of Appeals for the First Circuit an appeal seeking review of the same MSPB decision of July 21, 1981.

On November of 1981 plaintiff was informed by his attorney that he could not continue as attorney of record because he was accepting a job offer from the Commonwealth of Puerto Rico Justice Department. Mr. Barrera Morales recommended Scott Kalisch, Esquire, whom plaintiff retained. Mr. Kalisch promptly entered his appearance in the case pending in the Court of Appeals.

On May 10, 1982, the Court of Appeals for the First Circuit dismissed plaintiff's appeal for lack of jurisdiction. *Chang v. MSPB*, 677 F.2d 173 (1st Cir.1982). On June 4, 1982, Mr. Kalisch filed two motions with this Court, one to assume the legal representation of plaintiff and the other one was a "Motion for Voluntary Dismissal by Stipulation" under Rule 41(a)(1) of the Federal Rules of Civil Procedure. Both motions were granted by this Court on June 10, 1982.

Subsequently, plaintiff, through his attorney, Mr. Kalisch, filed in the Court of Appeals a Motion for Reconsideration asking that court to reconsider its decision of May 10, 1982, where plaintiff's appeal from the MSPB was dismissed. Plaintiff's motion was based on the fact that the suit filed by him in the Federal District Court had been dismissed. Thus, it clearly appears that plaintiff's Motion for Voluntary Dismissal was a tactical decision made by plaintiff and his attorney to get the Court of Appeals to assume jurisdiction of the original appeal as filed by the law firm of Chapman, Duff & Paul. The Court of Appeals denied the Motion for Reconsideration on June 29, 1982. That honorable court held that any action taken in the district court after the dismissal of an appeal will not operate to retroactively create appellate jurisdiction not present when the appeal attached. (Memorandum and Order of June 29, 1982, Exhibit C to plaintiff's Memorandum of Law).

Later plaintiff was informed by Mr. Kalisch that his case had been lost and that his only alternative was to obtain a presidential pardon.

On April 2, 1984, the law firm of Calvesbert & Brown filed in this Court a motion assuming plaintiff's legal representation and in addition filed a Motion Requesting Relief from the Court's Judgment which dismissed the instant case pursuant to Rule 41(a) of the Federal Rules of Civil Procedure through a voluntary dismissal by stipulation. The Motion for Relief from Judgment was made pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. This motion was referred to a U.S. Magistrate for a report and recommendation. On August 9, 1984, the U.S. Magistrate issued a report recommending that the motion to vacate the judgment be denied and further stating that plaintiff is not barred from filing a new suit based on the same claim.

On August 15, 1984, plaintiff filed his objections to the Magistrate's Report and Recommendation. Therein, plaintiff alleges that he would be precluded from filing a new action seeking judicial review of the final decision of the MSPB since the time

limit for initiating such an action in the District Court has already passed.[1] To support his contention, plaintiff cites *Wiggins v. United States Postal Service,* 653 F.2d 219, 222 (5th Cir.1981).

The Fifth Circuit decision in *Wiggins* appears to be the first to have considered the question of whether bifurcation of an appeal from an MSPB decision in mixed cases involving claims of both discrimination and improper agency action was either permissible or required. *Williams v. Department of Army,* 715 F.2d 1485 (Fed.Cir. 1983). At the same time that the *Wiggins* case was under submission, a similar appeal of a mixed case was before the Tenth Circuit in *Christo v. MSPB,* 667 F.2d 882 (10th Cir.1981). Both the Fifth Circuit and the Tenth Circuit held that mixed cases involving both claims of discrimination and of improper agency action must be brought as one action in the district court. In *Wiggins v. United States Postal Service, supra,* the Fifth Circuit determined that "since the question of jurisdiction 'was not obviously settled by prior decisions,' we think it proper to frame our order so as 'to save [Wiggins'] proper remedies.' *Phillips v. United States,* 312 U.S. 246, 254, 61 S.Ct. 480, 484, 85 L.Ed. 800 (1941)." *Wiggins v. United States Postal Service,* 653 F.2d at 222. Thus, the Fifth Circuit vacated the order of the Merit System Review Board and remanded the case to the Board so that it could enter a fresh order on the basis of which Wiggins could bring a timely action in the district court. However, when the case at bar was filed the question of jurisdiction was already settled by the prior decisions of *Wiggins v. United States Postal Service, supra,* and *Christo v. MSPB, supra.*

Plaintiff alleged in his motion for relief from judgment that his prior counsel, Mr. Kalisch, incurred in gross neglect as his conduct evidenced a "pattern of deceit and misrepresentation" towards plaintiff which justifies the granting of the motion, thus,

reinstating plaintiff's complaint of August 21, 1981. Plaintiff's attorney requested an evidentiary hearing to dilucidate allegations made against Mr. Kalisch by plaintiff in his own sworn statement of March 30, 1984, which accompanied the Motion for Relief from Judgment. On June 21, 1984, the requested hearing was held.

In said hearing plaintiff was examined by his attorney of record and in addition was cross examined by Mr. Scott Kalisch, and by Assistant U.S. Attorney Eduardo Toro–Font. Plaintiff's testimony contradicted his sworn statement of March 30, 1984, on two critical items. Namely, that attorney Scott Kalisch consulted or discussed with him the stipulation for voluntary dismissal of the action pending before the United States District Court. And secondly, plaintiff stated that he could not recall with certainty the date when he was informed by Mr. Kalisch that his case had been lost. In addition, plaintiff testified that he had been aware of the appeal filed by the law firm of Chapman, Duff & Paul and he did not oppose it, and that at the time he was represented by counsel Raúl Barrera Morales and had requested that he seek review of the adverse decision of the MSPB.

The issue before this Court is thus whether in light of the factual situation herein described the motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure should be granted. For the reasons we discuss in this opinion we hold that it should not be granted.

### DISCUSSION

#### I.

Rule 60(b) of the Federal Rules of Civil Procedure provides in its pertinent part:

On motions and upon such terms as are just, the court may relieve a party or his legal representative from a final judg-

---

**1.** The statutory period within which to file a petition to review a final order or final decision of the MSPB is "30 days after the date the petitioner received notice of the final order or

decision of the Board." 5 U.S.C. § 7703(b)(1); 42 U.S.C. 2000e–16(c); *Miller v. United States Postal Service,* 685 F.2d 148 (5th Cir.1982).

ment, order, or proceeding for the following reasons (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective applications; or (6) any other reasons justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (6) does not affect the finality of a judgment or suspend its operation.

There are two questions to which a court must address itself prior to granting relief under Rule 60(b)(6); those are: whether the reasons urged for relief by plaintiff preclude application of clause (6) because they are those already covered by clauses (1)–(5); and secondly, whether those reasons urged for relief are those that would justify relief under clause (6). *Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 1099 (1949). We hold that plaintiff has complied with the first part of the two-prong test but has failed on the second part wherefore his motion must be denied.

## II.

The reasons for relief embraced within clauses (1)–(3) of Rule 60 encompass the most common grounds for which a party will seek relief. Namely, mistake, inadvertence, surprise or excusable neglect; secondly, newly discovered evidence; and lastly, fraud, misrepresentation or other misconduct of the adverse party. Clauses (4)–(5) address themselves to those circumstances where the judgment rendered is void or has been satisfied, released, discharged or a prior judgment reversed or vacated, or is no longer equitable that the judgment should have prospective application. Rule 60(b) F.R.Civ.P., Anno., *supra.*

On the other hand, clause (6) is a residual clause for it states that a motion may be granted for "any other reason justifying relief from the operation of the judgment." It has been considered the grand reservoir of the court's equitable power to do justice in a particular case. See generally, 7 *Moore's Federal Practice,* §§ 60.27[1], [2]. "It is intended to be a means for accomplishing justice in exceptional situations; and, so confined, does not violate the principles of finality of judgments." *Id.,* § 60.-27[2] at 60–274.

In the instant case plaintiff has moved this Court to grant its motion for relief upon allegations that his former counsel, Mr. Scott Kalisch, incurred in conduct that constituted gross neglect and evidenced a pattern of deceit in his relationship with plaintiff. These are reasons different than those stated in clauses (1)–(5). He, therefore, meets this first criterium.

We must point out that courts have held that when a motion to vacate dismissal is grounded on the gross neglect of plaintiff's former counsel, the motion could be made under the provisions of Rule 60(b)(6). *King v. Mordowanec,* 46 F.R.D. 474, 477, 78 (D.R.I.1969); *Jackson v. Washington Monthly Co.,* 569 F.2d 119 (D.C.Cir.1977); *L.P. Steuart, Inc. v. Matthews,* 329 F.2d 234 (D.C.Cir.1964), *cert. denied,* 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964).

Our next step must then be to determine whether plaintiff's allegations are what he purports them to be and whether they justify setting aside this Court's prior judgment. We hold that they do not.

## III.

We must now ascertain whether the facts of this case constitute gross neglect or are of any extraordinary nature so as to justify the granting of plaintiff's motion. At the outset we must notice that it has

been widely recognized that a motion for relief from judgment pursuant to Rule 60(b) is addressed to the sound discretion of the Court. *Washington Mobilization Committee v. Jefferson,* 617 F.2d 848, 850 (D.C.Cir.1980); *Altman v. Connally,* 456 F.2d 1114 (2nd Cir.1972); *Wagner v. Penn. R. Co.,* 282 F.2d 392 (3rd Cir.1960); *Martella v. Marine Cooks & Stewards Union,* 448 F.2d 729 (9th Cir.1971), *cert. denied,* 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed.2d 248 (1972). *See also,* Wright & Miller, *Federal Practice and Procedure:* Civil § 2857. Moreover, we note that the burden of satisfying the Court of the propriety and validity of the reasons that exist to relieve a moving party from the operation of a prior judgment rests upon that party and his attorney of record. *Kowall v. United States,* 53 F.R.D. 211 (D.C.Mich.1971).

It has thus been stated: "In view of the necessity of exceptional and compelling circumstances for Rule 60(b)(6) relief failure of the movant to allege, or to prove if the allegation is controverted, an adequate reason for relief warrants denial." 7 *Moore's Federal Practice,* § 60.27(1) at 60–270, 71. *See also, Ackerman v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *U.S. v. Karahalias,* 205 F.2d 331 (2d Cir. 1953); *Sebastiano v. United States,* 103 F.Supp. 278 (N.D.Ohio 1951); *Crane v. Kerr,* 53 F.R.D. 311, (N.D.Ga.1971). It is here that plaintiff fails.

■ The gist of plaintiff's argument is his allegation that he had not been properly informed of the status of the proceedings in his case. Specifically, it is alleged that he had not been informed nor had he authorized Mr. Kalisch to enter into a stipulation with the U.S. Attorney in order to dismiss his petition for judicial review. (Plaintiff's Sworn Statement, par. 28). However, as we stated before, plaintiff's testimony dur-

ing the hearing held on June 21, 1984, contradicted these assertions. Thus, there are no valid, factual reasons to hold that plaintiff's former counsel incurred in gross neglect. Assuming *arguendo* that Mr. Kalisch's actions constituted gross neglect, a court could not grant a motion for gross neglect under Rule 60(b)(6) if the client is aware of his lawyer's acts. *King v. Mordowanec, supra,* at 478. Having been aware of his lawyer's actions to dismiss the suit in the district court in order to vest the Court of Appeals with jurisdiction, plaintiff is equally negligent if any negligence was involved.[2]

"(T)he broad power granted by clause (6) is not for the purpose of relieving a party from free calculated and deliberate choices he has made." Wright & Miller, *Federal Practice and Procedure:* Civil § 2864 at 214. *See generally, Lubben v. Selective Service System Local Bd. No. 27,* 453 F.2d 645 (1st Cir.1972).

As noted, Rule 60(b) "is not intended to relieve a party from the consequences of calculated, deliberate choices …." *Lloyd v. Carnation Co.,* 101 F.R.D. 346 (M.D.N. C.1984). It is neither a method by which a litigant is relieved of those strategical and tactical decisions which in hindsight prove to be improvident. *Lloyd v. Carnation, Id.* at 348. Accord, *Good Luck Nursing Home, Inc. v. Harris,* 636 F.2d 572, 577 (D.C.Cir.1980); *Marshall v. Board of Education,* 575 F.2d 417, 424 (3rd Cir.1978); *Federal's, Inc. v. Edmonton Investment Co.,* 555 F.2d 577, 583 (6th Cir.1977). The Motion for Voluntary Dismissal was filed in order to convince the Court of Appeals to assume jurisdiction.[3] The fact that the strategy failed does not warrant the reopening of this case, for as has been said by the Supreme Court: "there must be an end to litigation some day, and free, calcu-

---

2. This Court is not addressing itself to the propriety or impropriety of Mr. Kalisch and plaintiff's decision to seek the dismissal of his suit in this Court in order to vest the Court of Appeals with jurisdiction.

3. A voluntary dismissal without prejudice leaves the situation as if the action had never been

filed. Thus, the statute of limitations is not tolled by bringing an action that is later voluntarily dismissed. *Hartman Corporation of America v. United States,* 304 F.2d 429 (8th Cir.1962); Wright & Miller, *Federal Practice and Procedure:* Civil § 2367 at 186–187.

lated, deliberate choices are not to be relieved from." *Ackerman v. United States, supra,* 340 U.S. at 198, 71 S.Ct. 209. *See, e.g., De Long's Inc. v. Stupp Bros. Bridge & Iron Co.,* 40 F.R.D. 127 (E.D.Mo.1965) (where plaintiff made a calculated choice to dismiss without prejudice two defendants, relief from this decision would not be granted when there were no extraordinary circumstances to justify such relief).

■ Let us bear in mind that a party is deemed bound by the acts of his lawyer. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962). In *Link,* a personal injury action with a history of delays was dismissed for failure to prosecute after plaintiff's attorney failed to appear at a scheduled pretrial conference. J. Harlan, writing for the majority, observed:

> There is certainly no merit in the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose his attorney as his representative in the action, and he cannot avoid the consequences of the acts and omissions of this freely selected agent.

370 U.S. at 634, 82 S.Ct. at 1390.

■ Professional negligence, unskillfulness or incompetence of counsel is imputed to his client, who is bound thereby, under the rule that the acts and omissions of an attorney acting within the scope of his authority are regarded as the acts of the person he represents.

The aforementioned rationale has been long approved by the First Circuit. In *Corchado v. Puerto Rico Marine Management, Inc.,* 665 F.2d 410 (1st Cir.1981), *cert. denied,* 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982), the court stated: "We realize that we are visiting the sins of the attorneys upon the client, but this is a unavoidable side effect of the adversary system." 665 F.2d at 413. Accord, *Damiani v. Rhode Island Hospital,* 704 F.2d 12 (1st Cir.1983). Or as stated by the Supreme Court in *Smith v. Ayer,* 11 Otto 320, 101 U.S. 320, 25 L.Ed.2d 955 (1879):

There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of his freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

101 U.S. at 326. In the case at hand, plaintiff was at all time represented by counsel of his own choice. He has failed to establish uncontroverted allegations sufficient to warrant relief under Rule 60(b)(6), which, as stated, is to be sued under exceptional circumstances.

If plaintiff believes that he was not adequately represented by his former counsel, he may file an action to recover for malpractice either under contract law on the theory that defendant breached the obligations of his employment, or in tort, on the theory that defendant was negligent.

In *Barber v. Turberville,* 218 F.2d 34 (D.C.Cir.1954) Judge Prettyman stated in his dissenting opinion:

> The court is relieving defendant from the judgment against her principally on the ground that her counsel was negligent. I think the court should hold lawyers responsible for inexcusable neglect. If courts say that counsel for defendants can neglect without excuse their clients' business but no ill effects to the clients will be permitted to result from this negligence, complete chaos in judicial proceedings will surely result. The negligence of her lawyer may have damaged Mrs. Barber in the sum of $10,000. But, where damages, in the form of an award to a third party, are inflicted upon a business man, a doctor, or a hospital by the negligence of his or its duly authorized agent, the courts do not relieve the

principal judgment against a doctor because of the negligence of a doctor's assistant, we do not relieve the doctor because the negligence was that of his employee. I see no reason why we should protect a person against a judgment against him resulting from the negligence of his duly authorized attorney. In all such cases the principal may have a right of action against his agent but that is a different problem. Doctors are liable for malpractice; I see no reason why lawyers should not be.

218 F.2d at 38.

For the above stated reasons, we agree with the Magistrate's recommendation that plaintiff's motion for relief from judgment be denied.

THEREFORE, plaintiff's motion for relief from judgment is hereby DENIED.

IT IS SO ORDERED.