**James B. KING, Director, Office of Personnel Management, Petitioner,**

v.

**Edward J. LYNCH, and Merit Systems Protection Board, Respondents.**

**Misc. No. 332.**

United States Court of Appeals, Federal Circuit.

April 13, 1994.

Kathryn A. Bleecker, Atty., Dept. of Justice, Washington, DC, argued for petitioner.

George M. Chuzi, Kalijarvi & Chuzi, P.C., Washington, DC, argued for respondent, Edward J. Lynch. Calvin M. Morrow, Atty., U.S. Merit Systems Protection Bd., Washington, DC, argued for respondent, Merit Systems Protection Bd. Of counsel was David C. Kane and Mary L. Jennings, Washington, DC.

Before ARCHER, Chief Judge,[1] BENNETT, Senior Circuit Judge, and NIES, Circuit Judge.

ARCHER, Chief Judge.

Under 5 U.S.C. § 7703(d), the Director of the Office of Personnel Management (Director or OPM) petitions this court for review of a decision of the Merit Systems Protection Board (MSPB) reversing the Department of Education's removal of Edward J. Lynch, *Lynch v. Department of Educ.*, 52 M.S.P.R. 541 (1992). The Director contends that the MSPB misinterpreted a civil service law and regulation affecting personnel management and that that decision will have a substantial impact on civil service law, rule, regulation, or policy directives. Specifically, the Director asserts that the MSPB erred in interpreting the Rehabilitation Act of 1973, 29 U.S.C. § 794, and its implementing regulation 29 C.F.R. § 1613.702, generally prohibiting discrimination against handicapped persons including persons engaged in federal employment. We dismiss the Director's petition for review of the MSPB's decision for lack of jurisdiction.

I.

In March of 1982, the Department of Education (agency) removed Lynch from his position based on charges of unsatisfactory work product and writing skills, failure to submit work in a timely manner and failure to follow through on work, and unauthorized absences. This case has had a long history in which Lynch's allegations of handicap discrimination have been considered by the MSPB, the Equal Employment Opportunity Commission (EEOC), a Special Panel convened pursuant to 5 U.S.C. § 7702(d)(1), and the United States District Court for the District of Columbia, as briefly described below.

Lynch appealed his removal to the MSPB where he raised an affirmative defense of handicap discrimination based on his epilepsy which the agency allegedly failed to accommodate. *See* 5 U.S.C. § 7702(a)(1)(B)(iii) (providing for MSPB decision on discrimination issue in agency actions involving discrimination). In an initial decision of the MSPB, a presiding official sustained the agency's action in removing Lynch, finding that the agency had proved the latter two of the above three grounds for its actions. On Lynch's affirmative defense of unlawful discrimination, the presiding official held that Lynch was not a "qualified handicapped employee" under 29 C.F.R. § 1613.202(f) because of the side-effects of drugs required to treat his condition. As a result of this holding, the presiding official did not consider whether the agency had reasonably accommodated Lynch's condition. (*Lynch I.*)

Lynch did not petition the MSPB for review and the initial decision became the final decision of the MSPB. In accordance with 5 U.S.C. § 7702(b)(1), Lynch then petitioned the EEOC to review the MSPB's decision on the discrimination issue. The EEOC ruled that in holding that Lynch was not a qualified handicapped employee the MSPB had applied an improper legal analysis based on an erroneous interpretation of the Rehabilitation Act and 29 C.F.R. § 1613.202(f). Pursuant to 5 U.S.C. § 7702(b)(5)(B), the EEOC referred the case back to the MSPB for further consideration.

The MSPB then reviewed and reaffirmed its decision in *Lynch I.* Contrary to the finding in *Lynch I,* the MSPB concluded that the agency had proved all three of the grounds for its action. Based on this determination, the MSPB sustained the presiding official's finding that Lynch was not a quali-

---

1. Chief Judge Archer assumed the position of Chief Judge on March 18, 1994.

fied handicapped employee because the agency had provided reasonable accommodation and yet Lynch could still not perform the essential functions of his position. *Lynch v. Department of Educ.,* 31 M.S.P.R. 627 (1986) (*Lynch II* ).

Because the MSPB's decision appeared to be in disagreement with the EEOC's decision, the case was referred to a Special Panel, as required by 5 U.S.C. § 7702(d)(1). The Special Panel affirmed the MSPB's decision in *Lynch II,* finding that the MSPB had applied the EEOC's standards. *Lynch v. Department of Educ.,* 31 M.S.P.R. 519 (1986).

Lynch then filed suit under 5 U.S.C. § 7703(b)(2) in the United States District Court for the District of Columbia. Count I alleged that the MSPB in *Lynch II* had overstepped its statutory authority by reopening the performance decision in *Lynch I.* Count II alleged that Lynch had been discriminated against and, pursuant to 5 U.S.C. § 7702(e)(3), sought *de novo* review of the discrimination decisions of the MSPB and Special Panel. The district court granted summary judgment for Lynch on Count I of his complaint; as to Count II, the district court remanded to the MSPB for additional proceedings in light of the EEOC's decision. In doing so, the district court retained jurisdiction over the case, including the merits of Count II. *Lynch v. Bennett,* 665 F.Supp. 62 (D.D.C.1987).

On remand, the MSPB defined the issue before it solely as "whether the agency had made reasonable accommodations to appellant's handicap" under the Rehabilitation Act. The MSPB held the agency had not accommodated Lynch's epilepsy, that the presiding official in *Lynch I* erred in her analysis of the issue of handicap discrimination, and that Lynch met his burden of proving discrimination. Accordingly, it ordered Lynch reinstated with full relief. *Lynch v. Department of Educ.,* 37 M.S.P.R. 12 (1988) (*Lynch III* ).

After Lynch received his favorable decision in *Lynch III,* the Director petitioned the

MSPB for reconsideration. The MSPB denied the Director's petition, holding that the Director's right to seek review of an MSPB decision under 5 U.S.C. § 7703(d) extended only to board decisions interpreting civil service laws, rules, and regulations under the jurisdiction of OPM. Finding that the Rehabilitation Act was a discrimination law under 5 U.S.C. § 7702 and not a civil service law, the MSPB held that the Director lacked authority to seek review in the case. *Lynch v. Department of Educ.,* 39 M.S.P.R. 319 (1988) (*Lynch IV* ).

The Director then sought review in this court. We vacated the MSPB's dismissal of the Director's petition, ruling that the MSPB did not have authority to determine whether the Director's decision to petition for reconsideration was proper and instructed the MSPB to consider the petition on the merits. This court did not consider the question whether the Rehabilitation Act is a discrimination law or a civil service law for purposes of this court's jurisdiction. *Newman v. Lynch,* 897 F.2d 1144 (Fed.Cir.1990).

On January 31, 1992, the MSPB decided the merits of the Director's petition for reconsideration in favor of Lynch. It held that its decision in *Lynch III* that the Department of Education had discriminated against Lynch in violation of the Rehabilitation Act "did not articulate an erroneous legal standard" under the Rehabilitation Act and 29 C.F.R. § 1613.202(f). *Lynch v. Department of Educ.,* 52 M.S.P.R. 541 (1992) (*Lynch V* ).

The Director now petitions this court under 5 U.S.C. § 7703(d) for review of the MSPB's decision in *Lynch V.*

## II.

Both the MSPB and Lynch have filed oppositions to the Director's petition for review of the MSPB's decision, contending that this court lacks jurisdiction to entertain the Director's petition because this is a discrimination case and the Rehabilitation Act, 29 U.S.C. § 794,[2] is not a "civil service law"

---

**2.** 29 U.S.C. § 794 (1982) provides in part:

No otherwise qualified handicapped individual in the United States, as defined in section 706(7) of this title, shall, solely by reason of his

handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under

within the meaning of 5 U.S.C. § 7703(d).[3] The Director has filed a response to the oppositions of the MSPB and Lynch and urges that under the decisions of this court the reference to "civil service law" in § 7703(d) is given broad scope and should include the Rehabilitation Act at issue in this case.

The Director's argument essentially is that any law that can be applied to the civil service should be considered a civil service law for purposes of the Director's right to petition under § 7703(d). Citing the broad definition of "civil service" contained in 5 U.S.C. § 2101(1) (1988), covering "all appointive positions in the executive, judicial, and legislative branches of the Government of the United States, except positions in the uniformed services," the Director's petition then observes:

> [L]ogic dictates that the term "civil service law ... or regulation" as used in section 7703(d) be given an equally broad reading, so as to ensure that OPM's views upon laws that directly affect Federal civilian personnel management are fully considered.

Petition at 6.

The Director grounds its position on the decisions of this court in *Horner v. Schuck*, 843 F.2d 1368 (Fed.Cir.1988), and *Horner v. MSPB*, 815 F.2d 668 (Fed.Cir.1987). In *Schuck*, we granted the Director's petition for review of a decision by the MSPB interpreting a collective bargaining agreement because in doing so the MSPB interpreted and applied civil service laws and regulations relating to furloughs and reductions in force. This court stated that "the board interpreted

a civil service law by deciding whether it had authority under 5 U.S.C. § 7511 to apply CSRA principles to the placement of petitioners in a nonpay, nonduty status." 843 F.2d at 1372. The opinion also noted that "in deciding that the agency actions constituted furloughs or reductions in force, the board ... engaged in the interpretation of civil service laws and regulations." *Id.*

The Director also points to *Horner v. MSPB*, wherein this court held that 5 U.S.C. § 1206(e)(1)(D), defining the authority of the Office of the Special Counsel to investigate "activities prohibited by any civil service law, rule, or regulation," was a "civil service law" based on its placement within Title 5, its enactment as part of the Civil Service Reform Act of 1978 (CSRA),[4] and its bearing on civil servants. 815 F.2d at 671.

Because these decisions, in the Director's view, broadly interpret "civil service law, rule, or regulation" as used in § 7703(d) and because the "Director's statutory right to seek judicial review is circumscribed only by the terms of section 7703(d)" the Director contends that the MSPB's decision interpreting the Rehabilitation Act should be considered as interpreting a civil service law and therefore should be appealable by OPM. In support of this, the Director argues that the MSPB's allegedly erroneous interpretation of the Rehabilitation Act and regulation was made pursuant to its authority under 5 U.S.C. § 7702, which is within Title 5, was enacted as a part of the CSRA, and bears upon civil servants. *See* 5 U.S.C. § 7702(a)(1) (giving the MSPB initial authority to decide discrimination issues). Further, the Director argues that the Rehabilitation

---

any program or activity conducted by any Executive agency or by the United States Postal Service.

The implementing regulation promulgated by the EEOC, and alleged by the Director to have been misinterpreted by the MSPB, defines "qualified handicapped person" in part as

a handicapped person who, with or without reasonable accommodation, can perform the essential functions of the position in question without endangering the health and safety of the individual or others....

29 C.F.R. § 1613.702(f) (1982).

**3.** 5 U.S.C. § 7703(d) (1988) provides in part:

The Director of the Office of Personnel Management may obtain review of any final order or decision of the Board by filing a petition for judicial review in the United States Court of Appeals for the Federal Circuit if the Director determines, in his discretion, that the Board erred in *interpreting a civil service law, rule, or regulation* affecting personnel management and that the Board's decision will have a substantial impact on a civil service law, rule, regulation, or policy directive. [Emphasis added.]

**4.** Pub.L. No. 95–454, 92 Stat. 1111 (1978) (codified as amended in scattered sections of 5 U.S.C.).

Act, although enacted prior to CSRA and not within Title 5, was "incorporated" as part of the CSRA because 5 U.S.C. § 2302, which is a civil service law, prohibits among other things discrimination in violation of the Rehabilitation Act. *See* 5 U.S.C. § 2302(b)(1)(D) (discrimination in violation of the Rehabilitation Act is a prohibited personnel practice); *see also id.* § 2301(b)(2) (merit system principle to provide fair and equitable personnel management treatment to employees without regard to handicapping condition). Based on these factors, the Director concludes that the Rehabilitation Act, under this court's decisions, is a civil service law for purposes of § 7703(d).

Upon examination, however, it is plain that the Director's arguments fail to consider the clear lines drawn, and the carefully crafted scheme created, by Congress for the judicial review of specified government employment discrimination cases. Thus, for the reasons set forth below, we conclude that "interpret[ation of] a civil service law, rule, or regulation" as used in 5 U.S.C. § 7703(d) does not encompass interpretation of statutes and regulations relating to employment discrimination as set forth in 5 U.S.C. § 7702(a)(1)(B).[5]

The statutory language at issue in § 7703(d) cannot be read in isolation but must be read in the context of other applicable provisions of the CSRA. *See Stafford v. Briggs,* 444 U.S. 527, 535, 100 S.Ct. 774, 780, 63 L.Ed.2d 1 (1980). The terminology "civil service law" is not expressly defined in § 7703(d) or elsewhere in Title 5. Thus, the question whether civil service law includes employment discrimination laws which have wider application beyond government employment[6] can be answered only after an examination of the statutory context and the underlying policies.

Section 7702 of Title 5 sets forth the appeal procedures for cases where there is an alleged violation of certain discrimination laws. That section distinguishes between discrimination laws and civil service laws. *Compare* 5 U.S.C. § 7702(b)(3)(B)(i) (refer-

ring to the discrimination laws set out in subsection (a)(1)(B)) *with id.* § 7702(c)(2) (referring to "civil service laws, rules, regulations, and policy directives"). Cases in which certain unlawful discrimination is alleged, although initially decided by the MSPB, may at the appellant's option be reviewed administratively by the EEOC following an adverse MSPB decision. When that occurs, as in this case, § 7702(b) gives the EEOC the primary role in interpreting the pertinent discrimination law and regulation (in this case a regulation promulgated by the EEOC) and under § 7702(c) the MSPB has that role in interpreting "any civil service law, rule, or regulation." *See* 5 U.S.C. § 7702(d)(2)(B) (requiring deference to the "respective expertise of the Board and [EEOC]"). The Rehabilitation Act is listed as one of the discrimination statutes subject to this procedure, *see id.* § 7702(a)(1)(B)(iii), and thus is distinguished from civil service laws referred to in § 7702(c). We may assume that in enacting the CSRA Congress intended the language "civil service law" to have the same limitation on breadth in § 7703(d) as it does in § 7702(c). *Sullivan v. Stroop,* 496 U.S. 478, 484, 110 S.Ct. 2499, 2504, 110 L.Ed.2d 438 (1990); *EEOC v. Associated Dry Goods Corp.,* 449 U.S. 590, 598, 101 S.Ct. 817, 822, 66 L.Ed.2d 762 (1981).

A similar distinction is reflected in the judicial review provisions of the CSRA. According to 5 U.S.C. § 7703(b)(1) and (2), cases of discrimination subject to § 7702 must be pursued in the district courts, not in this court. And under 5 U.S.C. § 7702(e)(3) and § 7703(c), employees and applicants for employment alleging prohibited discrimination are guaranteed the right to *de novo* review of their discrimination claims in the district court. That cases involving discrimination were intended by the CSRA to be reviewed only in the district courts was noted in *Hayes v. United States Government Printing Office,* 684 F.2d 137 (D.C.Cir.1982). There, the court quoted Senate Report No. 969, 95th Cong., 2d Sess. 63, *reprinted in*

---

**5.** Our discussion in this case of "discrimination laws" refers specifically to those listed in 5 U.S.C. § 7702(a)(1)(B).

**6.** As well as in federal employment contexts beyond the MSPB's jurisdiction.

1978 U.S.C.C.A.N. 2723, 2785, which accompanied the CSRA and which stated:

> District Court is a more appropriate place than the Court of Appeals for these cases since they may involve additional fact-finding. Furthermore, discrimination complaints involving employees outside the Federal government are now considered by U.S. District Courts. · To encourage uniformity in judicial decisions in this area both kinds of cases should continue to be considered by the U.S. District Court.

684 F.2d at 140.

The Rehabilitation Act and the other discrimination laws, although made applicable to federal employers, have broader application and are not themselves civil service laws. The Senate Report and statutory scheme for dealing with discrimination issues demonstrates that Congress intended that there be a consistent interpretation of these laws whether their alleged violation arises within or without the federal· government. OPM's petition to this court to .review the MSPB's decision, which it views as an erroneous interpretation of the Rehabilitation Act and EEOC regulation, is therefore contrary to the judicial review procedure prescribed by Congress for that consistent interpretation.

Our precedent also affirms the exclusivity of the district courts' jurisdiction over government employment discrimination cases and holds that this court lacks such jurisdiction. In *Williams· v. Department of the Army,* 715 F.2d 1485 (Fed.Cir.1983) (in banc), this court rejected an employee's attempt to obtain bifurcated review of the MSPB's decision by bringing his discrimination claims in the district court and seeking review of his civil service claims in this court. This court held that

> where jurisdiction lies in the district court under 5 U.S.C. § 7703(b)(2),· the entire action falls within the jurisdiction of that court and this court has no jurisdiction, under 5 U.S.C. § 7703(b)(1), over such cases.

715 F.2d at 1491. Because 5 U.S.C. § 7703 provides for exclusive jurisdiction in the district courts in discrimination cases and because this court found that unitary review of MSPB decisions was intended, the court refused to entertain Williams's civil service claims.

The Director correctly notes that *Williams* expressly excluded from its holding cases in which the employee has abandoned the discrimination claims at the agency level or on appeal. 715 F.2d at ˙1491; *see Daniels v. United States Postal Service,* 726 F.2d 723, 724 (Fed.Cir.1984); *Hopkins v. MSPB,* 725 F.2d 1368, ˙1370 (Fed.Cir.1984), *overruled on other grounds· by Hagmeyer v. Department of the Treasury,* 852 F.2d 531 (Fed.Cir.1988) (in banc). And several other cases have more clearly defined the contours of the *Williams* holding. For example, in *Hill v. Department ·of the Air Force,* 796·F.2d 1469, 1470-71 (Fed.Cir.1986), and *Meehan v. ·United States Postal Service,* 718 F.2d 1069, 1073-74 (Fed.Cir.1983), we held that this court has jurisdiction over an appeal otherwise properly in this court notwithstanding a frivolous or passing allegation of discrimination. In *Ballentine v. Merit Systems Protection Board,* 738 F.2d 1244, 1246-47·(Fed.Cir. 1984), we held that this court has jurisdiction to review MSPB rulings on procedural and threshold matters. such as jurisdiction that are prior to and not related to the merits of a discrimination claim. None of these. cases, however, questioned the holding of *Williams* that district courts have exclusive jurisdiction over government employment discrimination claims. And none of the cases supports finding jurisdiction in this case where OPM's petition for review vigorously challenges the interpretation of a discrimination law and the merits of Lynch's claim of unlawful discrimination.

Finally, if OPM's petitions in discrimination cases were accepted for review by this court, the effect might well be˙ to deprive employees of their right to *de novo* review in the district courts. In this case, for example, OPM asks us to hold that the MSPB erred under a handicap discrimination statute and regulation in setting forth respective burdens of proof resulting in a finding of discrimination favorable to Lynch. If this court were to agree fully with OPM's position as to the burden of proof, the result would be a final decision adverse to Lynch. Such an outcome would impermissibly deprive Lynch of the

right to *de novo* district court review which § 7702(e)(3) expressly preserves to him, a result clearly contrary to the statute and legislative history. Moreover, it could establish varying interpretations of the same discrimination laws and thus differing standards in the same judicial districts. We note also that if we were to find jurisdiction in this case, there would be a conflict with the district court's retention of jurisdiction over Lynch's discrimination count.

In view of the careful distinctions made by 5 U.S.C. § 7702 and § 7703 between discrimination laws and civil service laws, the legislative history of the CSRA, and the different procedural and jurisdictional provisions for judicial review of discrimination cases and other employment cases under the CSRA and this court's decisions, we are convinced that the question left open in the earlier appeal of this case, *Newman v. Lynch,* 897 F.2d at 1145, must now be answered in the negative. This court does not have jurisdiction to entertain a petition for judicial review under 5 U.S.C. § 7703(d) where OPM's assertion is only that the MSPB erred in interpreting a discrimination law, rule, or regulation. Accordingly, we dismiss the Director's petition for judicial review for want of jurisdiction.

Costs to Lynch.

**DISMISSED**