**Constance HORNER, Director, Office of Personnel Management, Petitioner,**

**v.**

**James F. BURNS, Keith T. Werts, and John W. Clarke, Respondents.**

**Appeal Nos. 85–2025, 85–2308.**

United States Court of Appeals, Federal Circuit.

Feb. 11, 1986.

---

\* Judge Kashiwa retired on 7 January 1986. Before his retirement he participated in the consideration and decision of this case. Before Judge Kashiwa's retirement all members of the panel joined in this opinion.

Eva Plaza, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for petitioner. With her on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Robert A. Reutershan and Sara V. Greenberg. Joseph A. Morris, General Counsel and Carrol H. Kinsey, Jr., O.P.M., Washington, D.C., of counsel.

Paul Drachler, Gibbs, Douglas, Theiler and Drachler, Seattle, Wash., argued for respondents Burns and Werts. With him on the brief was Samuel J. Imperati, Aitchison, Imperati, Paull, Barnett and Sherwood, Portland, Oregon, Harry D. Shargel, Philadelphia, Pa., for respondent John W. Clarke.

Marsha E. Mouyal, Reviewer for Litigation, Merit Systems Protection Board, Washington, D.C., argued for intervenor. With her on the brief were Evangeline W. Swift, General Counsel and Mary L. Jennings, Associate General Counsel for Litigation.

Before FRIEDMAN, BENNETT, and BISSELL, Circuit Judges.

FRIEDMAN, Circuit Judge.

This petition to review, filed by the Director of the Office of Personnel Management (Director), challenges two orders of the Merit Systems Protection Board (Board) denying the Director's request that the Board reconsider and reopen its decision in three cases in which it mitigated the penalties imposed upon an employee. We affirm in two of those cases and dismiss the appeal in the third case for lack of jurisdiction.

I

These cases grow out of the August 1981 illegal strike by the air traffic controllers. The Federal Aviation Administration (Administration) removed the three individual respondents from their positions as air traffic controllers for participating in the strike on a specified day and being absent without leave on that day. Each of the controllers appealed his removal to the Board. In each case, the presiding official held (1) that the Administration had not shown that the controller had participated in the strike on the day in question, because it had not established that the strike continued until that date, (2) that the agency had proven the charge of absence without leave on that date, and (3) that the absence-without-leave finding was sufficient to sustain the removal.

The case involving the respondent Burns was a consolidated case involving 39 air traffic controllers. In that case the presiding official further held that the agency improperly had constructively suspended four other air traffic controllers and directed the Administration to cancel those suspensions.

Each of the three individual respondents filed with the Board petitions to review the presiding official's decision. They contended, among other things, that removal was too harsh a penalty for one day's absence without leave. Respondent Burns was one

of the appellants in a consolidated appeal raising a number of issues.

The Administration did not file cross-petitions challenging the presiding official's determination that the three controllers had not been strikers. In the consolidated appeal involving Burns, however, the Administration filed a cross-petition challenging the presiding official's ruling that the agency improperly had constructively suspended four of the controllers.

In a footnote in its opposition to the petition for review in the consolidated case and also in Werts' case, the Administration stated that the presiding official's determination that Burns and Werts had not been strikers was "based upon her erroneous belief that concerted action requires contemporaneous withholding of services.... Since those two removals were affirmed, Respondent did not petition from the Presiding Official's erroneous findings." The Administration did not refer to the striking issue in its opposition to respondent Clarke's petition for review.

The Board granted Burns' and Werts' petitions for review and reopened Clarke's case after having initially denied review. Applying the factors relating to mitigation of penalties announced in *Douglas v. Veterans Administration*, 5 MSPB 313, 5 M.S.P.R. 280 (1981), the Board mitigated the penalty of removal for the one day's absence without leave to a 60-day suspension. The Board refused to consider the Administration's contention that the presiding official improperly had held that Burns and Werts were not strikers, because the Administration had not challenged that finding in its cross-petition for review in the consolidated case and had not filed a cross-petition for review in the case involving Werts. The Board stated that under its decision in *Jackson v. Department of Transportation*, 5 MSPB 95, 5 M.S.P.R. 12 (1981), it "will only consider issues raised by a party in a timely filed petition for review under 5 C.F.R. § 1201.114." *Ackley v. Department of Transportation*, 17 M.S.P.R. 243 (1983) (consolidated case); *Werts v. Department of Transportation*, 17 M.S.P.R. 413 (1983); and *Clarke v. Department of Transportation*, 20 M.S.P.R. 422 (1984).

Pursuant to 5 U.S.C. § 7703(d) (1982), the Director filed with the Board petitions for reconsideration. In a single petition covering the *Burns* and *Werts* cases, the Director sought reconsideration on the grounds that the Board had erred (1) in determining that removal was an unreasonable penalty for the appellees' absence without leave and in mitigating the removal to a 60-day suspension, and (2) in refusing to review the presiding official's decision on the striking charge. In the petition in the *Clarke* case the Director sought reconsideration only of the mitigation of the penalty (and of another ruling not here involved). With respect to the striking issue, the Director requested the Board merely to reopen the case and to "correct the erroneous finding of the Presiding Official on the duration of the strike."

The Board denied reconsideration in the *Burns* and *Werts* cases in a single opinion. *Burns v. Department of Transportation*, 22 M.S.P.R. 388 (1984). The Board held that, with respect to the two issues on which the Director sought reconsideration, the Board's decision did not involve an alleged error "in interpreting a civil service law, rule, or regulation," which under 5 U.S.C. § 7703(d) is the only ground upon which the Director may seek Board reconsideration. The Board stated that, contrary to the Director's contention, the presiding officials' "unreviewed findings regarding the strike charges" would not have a "substantial impact" upon civil service laws, rules, regulations, and policies because "the presiding official's initial decision is not precedential." (Citation omitted.)

The Board also refused to reconsider the strike participation ruling because of its decision in *Jackson* that "absent just cause shown, ... it will not consider issues on review from an initial decision unless [those] issues are raised in a timely filed petition for review." The Board held that since the Administration "without just

cause" had failed so to raise the issue, "in the interest of administrative finality" it would not reopen the cases.

The Board subsequently denied the Director's petition for reconsideration in *Clarke* on the basis of its decision in *Burns. Clarke v. Department of Transportation*, 24 M.S.P.R. 456 (1984). It pointed out that the Director's petition for reconsideration in *Clarke* "solely concerned the Board's application of the *Douglas* [mitigation] criteria to the present appeal."

The Board also refused to reopen the *Clarke* case on the ground that

[a]lthough the presiding official's finding on strike participation is arguably in conflict with *Adams v. Department of Transportation*, 735 F.2d 488 (Fed.Cir. 1984), the agency failed, without just cause, to raise the issue in a timely filed petition for review in accordance with Board regulations. Therefore, in the interest of administrative finality, the Board declines to reopen this appeal. *See Burns v. Department of Transportation, supra.*

In granting the Director's petition for review of the Board decisions, we limited review to two questions:

Review is limited to the Board's refusal to review the presiding official's finding in the absence of a cross-petition for review, and the Board's denial of reconsideration on the ground that the presiding official's decision was nonprecedential.

## II

Under 5 U.S.C. § 7703(d), the Director may obtain judicial review by this court (if the court authorizes review) of any final Board order or decision "if the Director determines, in his discretion, that the board erred in interpreting a civil service law, rule, or regulation affecting personnel management and that the board's decision will have a substantial impact on a civil service law, rule, regulation, or policy di-

rective." The statute further provides that "[i]f the Director did not intervene in a matter before the board, the Director may not petition for review of a board decision under this section unless the Director first petitions the board for a reconsideration of its decision, and such petition is denied."

Since the Director did not intervene in the appeals to the Board (although copies of the initial decision were served upon him and he was notified of his right to petition for review),* he was required to seek reconsideration by the Board before he could appeal to this court. He sought reconsideration, but the Board denied it.

The Director contends that the Board improperly denied reconsideration. Under our limited grant of review, the validity of the Board's action in denying reconsideration turns upon two questions: (A) Whether the Board justifiably refused to review the presiding officials' determinations that the controllers were not strikers, because the Administration had not raised that issue in a petition or cross-petition for review with the Board; and (B) whether the Board correctly concluded that the initial decisions of the presiding officials were not precedents of the Board, so that those decisions would not have a significant impact upon civil service laws, rules, regulations, and policies.

As noted above, the Director did not seek reconsideration of the striking ruling in the *Clarke* case. Because we conclude, as explained below, that we have no power to review that issue in that case, our discussion below relates solely to the *Burns* and *Werts* cases.

A. The precise ground upon which the Director contends that the Board erred in refusing to consider the striking issue because the Administration had not filed a cross-petition to review is unclear. In her brief, she seemingly argues only that because of the important role the Director has in the administration of the civil service

---

* The use of both masculine and feminine pronouns in referring to the Director in this opinion reflects the fact that Ms. Horner succeeded Mr. Devine as Director while these cases were pending.

laws, the Board should not have followed its normal practice of refusing to consider issues not raised in a petition to review. At oral argument, however, the Director argued more broadly that the Board is required to grant reconsideration whenever the Director seeks it and has no discretion to reject the Director's petition as it did in these cases.

This latter argument founders on the language of the statutory provision that authorizes the Director to seek reconsideration. As noted, it provides that where the Director did not intervene before the Board, he cannot seek judicial review unless he first petitions the Board for consideration "and such petition is denied." The statute thus contemplates that the Board has discretion whether to grant reconsideration.

This conclusion accords with the purpose of requiring the Director to seek reconsideration, which is to give the Board the opportunity to correct alleged errors before its decision is subjected to judicial review. We know of no situation in which an agency or, indeed, a court is required to grant a petition for reconsideration. Indeed, the very concept of reconsideration contemplates the exercise of discretion whether to take such action, since the tribunal already has decided the case and is asked to reexamine that decision.

█ Accordingly, the question before us on this aspect of the case is whether the Board abused its discretion in ruling that because the Administration did not file a cross-petition challenging the presiding officials' rulings that the appellees were not strikers, the Board would not consider that issue. We answer that question negatively.

The Board has "broad discretion in handling appeals and controlling its own docket by requiring that appeals be processed in accordance with regulations prescribed by the board." *Phillips v. United States Postal Service,* 695 F.2d 1389, 1390 (Fed. Cir.1982).

At the time the petitions for review were filed in these cases, the language of the Board's regulations governing petitions and cross-petitions for review could have created some uncertainty over the need to file a cross-petition in order to challenge a ruling of the presiding official that was adverse to the prevailing party. 5 C.F.R. § 1201.114 (1980). Any doubt on that score, however, had been resolved well before the controllers filed their petitions for review by the Board's decision in *Jackson v. Department of Transportation, supra.*

The situation in that case was strikingly similar to the present case. There an employee filed with the Board a petition to review the presiding official's affirmance of a 30-day suspension. The agency did not file a petition for review challenging the presiding official's findings that were adverse to it, but attempted to raise the issue in its reply to the petition for review—the same procedure the Administration followed here. The Board refused to consider the agency's contention, holding that to obtain such review the agency was required to file a timely petition for review. The Administration, which is a part of the Department of Transportation (the respondent in the *Jackson* case), presumably was familiar with the requirement there imposed since, as noted, it filed a cross-petition on another issue in the consolidated case.

Moreover, the Administration's failure to file a cross-petition on the striking issue was not the result of oversight or neglect. Instead, it reflected a deliberate decision not to do so. In its footnote dealing with the point in the opposition to the controllers' petition for review, the Administration explained that "[s]ince these two removals were affirmed, Respondent did not petition from the Presiding Official's erroneous findings." The Administrator thus had determined not to mount a direct challenge to the ruling through the procedure the Board had prescribed for doing so, namely, by filing a cross-petition for review.

█ The Board's rule that it will not consider objections to a presiding official's

initial decision unless the challenging party raised them in a timely petition or cross-petition for review constitutes an appropriate and reasonable exercise of the Board's broad discretion to prescribe its own procedures. The rule is designed to facilitate the Board's consideration of the large number of petitions for review it receives by requiring specification of the issues the Board is asked to review. The rule also enables the parties promptly to know what aspects of the presiding official's decision are challenged.

The Board did not act improperly in applying the rule to the Administration in these cases. The Administration's filing of a cross-petition on the other issue and its statement that it had not petitioned from the presiding official's decision of the striking issue show that it was aware of the need to file a cross-petition to preserve the issue but decided for strategic or tactical reasons not to do so. The Board was not required to create an exception to its rule for cases in which it is the government rather than the employee who seeks to litigate an issue not properly raised or in which the government seeks to justify its failure to observe the requirement on the ground that the issue is of substantial importance to it.

The Board thus acted within its discretion in refusing to consider the striking issue that the Administration had failed properly to raise.

We similarly conclude that the Board did not abuse its discretion in refusing to reconsider that ruling at the behest of the Director. In seeking reconsideration, the Director made two principal arguments, which she repeats here. First, she contends that the Board's *Jackson* rule is incorrect. For the reasons already given, we reject that contention.

■ Her second argument is that, because of the Director's important role in administering the civil service laws, the Director should not be bound by the Administration's failure properly to raise the issue. We cannot say, however, that the Board improperly refused to entertain an argument by the Director that the Administration was precluded from making because of its failure to comply with the *Jackson* rule. The argument the Director made was the same one the Administration could have made in a petition or cross-petition for review, but which it intentionally chose not to make in that manner. As in the case of the Administration's failure to comply with the *Jackson* rule, we do not think the Board was required to treat the Director more favorably than any other litigant.

In sum, the Director has not given any convincing reason for overturning the Board's discretionary act of refusing to consider an issue that had not been properly raised before the Board.

■ B. The Director's challenge to the Board's rule that unreviewed decisions of its presiding officials do not have precedential value, so that those decisions do not have a significant impact upon the civil service laws, is no more convincing.

The Director points out that when the Board denies review of an initial decision of a presiding official, under 5 U.S.C. § 7701(e)(1) (1982) the initial decision becomes the decision of the Board. It does not follow, however, as she argues, that that decision thereby becomes a binding Board precedent. The fact that the initial decision becomes the final decision of the Board relates only to the Board's disposition of the case, not to the precedential effect of that decision.

The Board's treatment of unreviewed initial decisions of presiding officials as non-precedential is based upon sound policy considerations and is a reasonable and appropriate practice for the Board to utilize in handling its heavy volume of cases. The Board operates under a system of discretionary appellate review by which it reviews only the relatively small percentage of initial decisions that present important issues or other sound reasons indicating that the initial decision should not remain unreviewed. *See Schaffer v. Merit Systems Protection Board,* 751 F.2d 1250

(Fed.Cir.1985). If all initial decisions of presiding officials were binding Board precedents, the practical effect would be to require the Board to review a far greater number of those decisions than it now does. This would subject the Board to a substantial increase in its workload, which it might be unable to handle. At a minimum, the rule the Director urges would seriously undermine the Board's ability to handle its work expeditiously.

The Board's practice of denying precedential effect to unreviewed decisions of its presiding officials, which are unreported, is comparable to the practice of this court in deciding cases that involve no important legal issues in an unpublished opinion that is not a citable precedent. A number of other circuits follow the same practice of issuing nonprecedential unpublished decisions. The Director has not given any convincing reason why this practice of the Board is not an appropriate and proper method for the Board to use in handling its large docket.

At oral argument, the Director made the additional argument that however the Board may treat those initial decisions, the bar views them as significant precedents, since it sometimes cites them. That practice by the bar, however, does not establish that these decisions are or should be treated as binding precedents. It shows only that some lawyers improperly are ignoring the limited scope the Board gives to unreviewed initial decisions; that they decide the particular case but nothing more.

### III

■ As the Board noted, in the *Clarke* case the Director sought reconsideration only of the Board's mitigation of the penalty, but did not seek reconsideration of the striking issue. The requirement of section 7703(d) that if the Director has not intervened before the Board he may obtain judicial review of a Board order or decision only if he first petitions the Board for reconsideration, necessarily requires that he seek Board reconsideration of any issue upon which he seeks judicial review. Otherwise the petition for reconsideration would not accomplish the purpose behind the requirement for seeking reconsideration: giving the Board the opportunity to correct its alleged error.

Since the Director's petition to the Board did not seek reconsideration of the presiding official's determination that appellee Clarke did not strike on the day in issue, the Director was not authorized to seek review on that issue. We therefore have no jurisdiction to entertain her petition for review in the *Clarke* case. That petition will be dismissed for lack of jurisdiction.

### CONCLUSION

The order of the Board denying the Director's petition for reconsideration of the cases of Burns and Werts is affirmed. The Director's petition for review in the case of Clarke is dismissed for lack of jurisdiction.

AFFIRMED IN PART and DISMISSED IN PART.