Constance **NEWMAN, Director, Office of Personnel Management, Petitioner,**

v.

**Edward LYNCH and Merit Systems Protection Board, Respondents.**

No. 89–3234.

United States Court of Appeals, Federal Circuit.

March 7, 1990.

Rehearing Denied May 2, 1990.

Marcia A. Lurensky, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., argued for petitioner. With her on the brief were Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director, Stephen J. McHale, Asst. Director and Torrence R. Thomas, Jr., Atty. Also on the brief were James A. Strock, General Counsel, Ann C. Wilson, Asst. Gen. Counsel, Steven E. Abow and Edward C. Stringer, Office of the General Counsel, Office of Personnel Management, of Washington, D.C., and Robert Wexler, Dept. of Educ., of counsel.

Charles A. Shanor, General Counsel, Equal Employment Opportunity Com'n, of Washington, D.C., argued for respondents. With him on the brief were Gwendolyn Young Reams, Associate General Counsel, Lorraine C. Davis, Asst. Gen. Counsel and Cynthia Misicka, Atty. Calvin M. Morrow, Atty., Merit Systems Protection Bd., of Washington, D.C., argued for respondents. With him on the brief were Mary L. Jennings, Acting General Counsel and Martha B. Schneider, Asst. Gen. Counsel. George M. Chuzi, Kalijarvi, Chuzi & Stetina, P.C., of Washington, D.C., was on the brief for respondent, Edward Lynch.

Gregory O'Duden, Director of Litigation, Kerry L. Adams, Asst. Director of Litigation and Timothy B. Hannapel, Assistant Counsel, National Treasury Employees Union, of Washington, D.C., were on the brief of amicus curiae, National Treasury Employees Union. Elaine Kaplan, National Treasury Employees Union, Washington, D.C., of counsel.

Before NIES, Circuit Judge, BENNETT, Senior Circuit Judge, and ARCHER Circuit Judge.

NIES, Circuit Judge.

The Director of the Office of Personnel Management, with the approval of this court, appeals from the denial of its petition by the Merit Systems Protection Board requesting reconsideration of the Board's May 11, 1988 decision in the case of *Edward J. Lynch, Jr. v. Department of Education*, 37 M.S.P.R. 12 (1988). In denying OPM's petition, the Board held, in its Opinion and Order dated December 14, 1988, 39 M.S.P.R. 319, that the Director was not

entitled to review of the case and, thus, the Board declined to consider the merits of OPM's petition. We vacate and remand for the Board to consider OPM's petition on the merits.

### Background

In 1982, Edward J. Lynch, Jr. was removed from his position of GS–13 trial attorney with the United States Department of Education and denied a within-grade increase. We need not recount here the tortuous and lengthy proceedings before the Merit Systems Protection Board, the Equal Employment Opportunity Commission, the Special Panel convened in accordance with 5 U.S.C. § 7702(d) (1982), and the United States District Court for the District of Columbia. It suffices here to state only that in the Board's final decision dated May 11, 1988, Mr. Lynch prevailed on his allegation of handicap discrimination. As relief, the Board ordered the agency to retroactively grant Mr. Lynch his within-grade salary increase and to reinstate him with appropriate back pay and benefits. OPM filed a petition asking the MSPB to reconsider that decision, contending that the Board's finding that appellant met his burden of articulating a reasonable accommodation for his handicap was inconsistent with the Board's previous decisions and erroneous as a matter of law.

Under 5 U.S.C. § 7703(d) (1982), the Director of OPM has a right to petition for reconsideration of a Board decision when the Director "determines, in his [or her] discretion, that the Board erred in interpreting a civil service law, rule or regulation affecting personnel management and that the Board's decision will have a substantial impact on a civil service law, rule, regulation or policy directive." Those determinations were made by OPM here. However, the Board refused to consider the merits of OPM's petition holding that the

Board's decision involving Mr. Lynch did not concern a civil service law, and, therefore, OPM had no authority to petition for reconsideration. OPM requested, and was granted, review by this court of the MSPB's denial of its petition. The issue presented originally was limited to the substantive correctness of the Board's holding that the handicap discrimination law was not a civil service law and, therefore, OPM's petition was improper. During oral argument, this court raised and requested briefing on the issue of whether the MSPB has the authority to decline to consider the merits of an OPM petition on the ground that a predicate determination by OPM for filing the petition is erroneous.* Having reviewed the submissions of the parties, we conclude that the MSPB has no authority to review the Director's exercise of discretion in seeking reconsideration of an MSPB decision, and that the MSPB must consider the Director's petition on the merits.

### Opinion

The authority of the Director of OPM to obtain reconsideration of an MSPB decision is found in 5 U.S.C. § 7703(d) which provides:

The Director of the Office of Personnel Management may obtain review of any final order or decision of the Board by filing a petition for judicial review in the United States Court of Appeals for the Federal Circuit if the Director determines, in his discretion, that the Board erred in interpreting a civil service law, rule, or regulation affecting personnel management and that the Board's decision will have a substantial impact on a civil service law, rule, regulation, or policy directive. If the Director did not intervene in a matter before the Board, the Director may not petition for review of a Board decision under this section unless the Director first petitions the Board for a reconsideration of its decision, and such

---

* The court noted that a similar issue had been raised in *Hammond v. Navy,* 37 M.S.P.R. 531 (1988). In *Hammond,* the Board had rejected OPM's petition because MSPB disagreed with OPM's discretionary "substantial impact" determination. However the Board, after this court took OPM's appeal, requested and was granted a

remand of the case for reconsideration in view of a conflicting decision in *York v. Postal Service,* 18 M.S.P.R. 505 (1983). Thus, this court has not previously addressed the question of the Board's authority to review the discretionary determinations of OPM, underlying its petition to the Board.

petition is denied. In addition to the named respondent, the Board and all other parties to the proceedings before the Board shall have the right to appear in the proceeding before the Court of Appeals. The granting of the petition for judicial review shall be at the discretion of the Court of Appeals.

As indicated above, the MSPB did not reach the merits of OPM's petition for reconsideration in this case. Instead, the Board held that the Rehabilitation Act of 1973 (the handicap discrimination law at issue), which it interpreted in the *Lynch* case was not a "civil service law" within the meaning of 5 U.S.C. § 7703(d) and, therefore, the Director had no entitlement to challenge the Board's interpretation of that type of statute.

Under the statutory scheme of the Civil Service Reform Act of 1978, Pub.L. 95–454, 92 Stat. 1111, Congress provided for judicial review of MSPB decisions by an aggrieved employee, but withheld such right of appeal by the affected agency. Only under special circumstances may a decision adverse to an agency be judicially reviewed, that is, when the Director of OPM, in his or her discretion, decides that an issue in a case is so important in the overall management of personnel matters that the case warrants review by this court and this court agrees to hear an appeal.

In *Horner v. Schuck*, 843 F.2d 1368, 1372 (Fed.Cir.1988), this court held that "[t]he Director's statutory authority to seek judicial review is circumscribed only by the terms of section 7703(d) and the court's discretion to evaluate the Director's request for judicial review." Clearly the statute contains no express provision granting the MSPB authority to review the discretionary determinations of the Director, which are a predicate to OPM seeking review. In contrast, such authority was given to this court by section 7703(d) which provides: "The granting of the petition for judicial review shall be at the discretion of the court of appeals." MSPB's authority would have to emanate from its express authority to *deny* the Director's petition. We conclude that that statutory provision does not extend to denial of an

OPM petition on the ground that the Director improperly exercised his or her discretion.

The MSPB argues that this court in *Horner v. Burns*, 783 F.2d 196 (Fed.Cir.1986) recognized that section 7703(d) "contemplates that the Board had discretion whether to grant reconsideration." *Id.* at 200. *Burns* dealt with two issues: (1) the right of OPM to raise issues which the agency had not raised in a cross-petition for review; and (2) the Board's ruling that the presiding official's (AJ's) decision was non-precedential. We disagree that *Burns* controls our decision here. Unquestionably the Board has discretion to make its own rules of procedure which OPM must follow. Further, the *Burns* court upheld the Board's determination that decisions not reviewed by the full Board are not binding precedent and it articulated sound reasons for ruling out petitions on those decisions. The *Burns* court meticulously limited the scope of its decision, and neither issue is present in this case. We did not recognize the broad authority now asserted by the Board to pass judgment on the propriety of the Director's exercise of discretion in seeking reconsideration.

This court has previously rejected the Board's effort to restrict OPM with respect to what issues fall under OPM's authority granted in section 7703(d). In *Horner v. MSPB*, 815 F.2d 668 (Fed.Cir.1987), this court accepted and ruled on a petition which raised the question of whether the Office of Special Counsel has authority to bring general disciplinary actions, a matter which MSPB urged was not within the scope of section 7703(d). Similarly, in *Horner v. Schuck*, 843 F.2d at 1372, the court concluded that the MSPB could not determine which civil service laws fall within the responsibility of OPM. To the contrary, this court upheld the Director's interpretation that OPM has authority to petition for reconsideration even though the law or regulation at issue was not one specifically under the purview of OPM.

The provisions of section 7703(d) requiring a petition for reconsideration where

OPM has not previously intervened provides this court with the benefits of the Board's review of the petition only if the Board considers the petition on the merits. The portion of section 7703(d) granting OPM the right to seek reconsideration by the Board would be emasculated if the Board may refuse reconsideration without addressing the merits of the substantive issues raised by OPM.

The legislative history of section 7703(d) lends support to our interpretation. The Senate Report states that the Board's reconsideration of its decision in light of OPM's concerns may "avoid unnecessary appeals by the Director." S.Rep. No. 95–969, 95th Cong.2d Sess. 64, *reprinted in* 1978 U.S.Code and Admin.News 2723, 2786. The Board's interpretation would not avoid unnecessary appeals by the Director. On the contrary, the Board's erroneous interpretation necessitates a preliminary appeal by OPM, as it has in this case, in order to overturn a Board decision that the Director's exercise of discretion was not proper followed by a remand and a second appeal respecting the merits.

### Conclusion

We conclude, as a matter of interpretation of the statute, that when the Director seeks reconsideration of a decision of the Merit Systems Protection Board, the Board may not refuse to consider the Director's petition on the merits because it disagrees with the Director's discretionary determinations which the Director is required to make before filing the petition. Accordingly, we vacate the decision of the Board and remand for it to consider the merits of the Director's petition.

### Costs

Each party shall bear its own costs.

VACATED AND REMANDED