# Office of Personnel Management Petitions for Reconsideration of Non-Precedential Merit Systems Protection Board Decisions

The Director of the Office of Personnel Management is authorized to petition the Merit Systems Protection Board to reconsider a non-precedential decision of the Board only if the Director concludes that such decision has a substantial impact on a civil service law, rule, regulation, or policy directive.

September 13, 1999

MEMORANDUM OPINION FOR THE GENERAL COUNSEL
FEDERAL RETIREMENT THRIFT INVESTMENT BOARD

This responds to your request for our opinion concerning petitions for reconsideration of certain "non-precedential" decisions issued by presiding officials of the Merit Systems Protection Board ("MSPB"). These decisions dispose of personnel disputes without publication of an opinion or statement explaining the legal basis of the decisions. *See* Letter for Mr. Randolph Moss, Acting Assistant Attorney General, Office of Legal Counsel, from John J. O'Meara, General Counsel, Federal Retirement Thrift Investment Board (Nov. 6, 1998) ("FRTIB Letter"). As explained in your letter, the Office of Personnel Management ("OPM") has taken the position that it is legally barred from petitioning for reconsideration of such decisions, which effectively precludes the possibility of appealing such decisions to the U.S. Court of Appeals for the Federal Circuit. Your office disagrees with OPM's position on this issue.

Following our consideration of submissions from your office and OPM,[1] we conclude that (1) under the governing provisions of 5 U.S.C.A. § 7703(d) (West Supp. 1999) and 5 C.F.R. § 1201.119(a)(2) (1997), OPM may petition for reconsideration of an MSPB decision only if the OPM Director determines, in her discretion, that such decision will have a substantial impact on a civil service law, rule, regulation, or policy directive; (2) the Director has statutory authority to petition for reconsideration of non-precedential MSPB decisions if the Director concludes in the good faith exercise of her discretion that the decision has a substantial impact on a civil service law, rule, regulation, or policy directive; and (3) the Director also is vested with discretion under the statute to determine that non-precedential MSPB decisions *per se* fail to satisfy the substantial impact standard and therefore may not be the subject of a petition for reconsideration under the authority of 5 U.S.C.A. § 7703(d).

---

[1] *See* FRTIB Letter; Letter for Randolph Moss, Assistant Attorney General, Office of Legal Counsel, from Lorraine Lewis, General Counsel, Office of Personnel Management (Jan. 15, 1999) ("OPM Letter"); Letter for Randolph Moss, Acting Assistant Attorney General, Office of Legal Counsel, from John J. O'Meara, General Counsel, Federal Retirement Thrift Investment Board (Feb. 5, 1999) ("FRTIB Letter II") In addition to these written submissions, representatives of this Office met with representatives of the Federal Retirement Thrift Investment Board and OPM on March 11, 1999, to consider oral presentations on the issues in question.

202

# I.

Federal employees aggrieved by personnel decisions of their employing agencies may seek relief by appealing to the MSPB. *See* 5 U.S.C.A. § 7701 (1994). The MSPB may either hear such appeals itself or refer them to an administrative law judge or other presiding official it has designated to hear such cases. *Id.* § 7701(b)(1). In cases in which the interpretation of the federal civil service laws is in issue, the OPM Director may intervene as of right, "as early in the proceeding as practicable," provided that she determines that an erroneous decision would have a substantial impact on any civil service law, rule, or regulation under OPM's jurisdiction. *Id.* § 7701(d)(1).

When the MSPB issues a ruling adverse to an employing agency, the agency itself is not authorized to seek reconsideration or to appeal. Rather, under 5 U.S.C.A. § 7703(d), only OPM is authorized to petition on behalf of federal agencies for judicial review of MSPB decisions. As the statute provides:

> The Director of the Office of Personnel Management may obtain review of any final order or decision of the Board by filing . . . a petition for judicial review in the United States Court of Appeals for the Federal Circuit *if the Director determines, in his discretion, that the Board erred in interpreting a civil service law, rule, or regulation affecting personnel management and that the Board's decision will have a substantial impact on a civil service law, rule, regulation, or policy directive.* If the Director did not intervene in a matter before the Board, *the Director may not petition for review of a Board decision under this section unless the Director first petitions the Board for a reconsideration of its decision, and such petition is denied.*

*Id.* (emphasis added).

Thus, as a precondition to seeking judicial review, the OPM Director must first determine in her discretion "that the Board erred in interpreting a civil service law, rule, or regulation affecting personnel management and that the Board's decision will have a substantial impact on a civil service law, rule, regulation, or policy directive." *Id.* In MSPB cases in which OPM has not previously intervened, moreover, OPM may petition for judicial review only if it has first filed an unsuccessful petition for reconsideration with the MSPB. *See Newman v. Corrado,* 897 F.2d 1579, 1580 (Fed. Cir. 1990).[2] Consequently, unless OPM files a petition

---

[2] In some instances, the MSPB has denied reconsideration of issues raised by OPM on the grounds that the issues raised did not satisfy the above-quoted standards of 5 U S C.A § 7703(d). *See Homer v. Burns,* 783 F.2d 196, 198 (Fed. Cir. 1986) (discussed further, *infra*). As discussed in Point II.B, *infra*, however, the Federal Circuit's
Continued

for reconsideration in cases in which it has not intervened, an MSPB ruling adverse to a government agency is final and unappealable.

Under MSPB procedures, certain cases are disposed of by MSPB presiding officials without written explanation or review by the full Board. The MSPB refers to such decisions as "non-precedential" decisions because they are not considered to be binding on the MSPB in future cases. MSPB treats non-precedential decisions as *per se* lacking a substantial impact on the civil service laws or regulations within the meaning of 5 U.S.C.A. § 7703(d), and that treatment has been upheld by the U.S. Court of Appeals for the Federal Circuit, which hears all appeals from the MSPB. *See Horner v. Burns,* 783 F.2d at 201. In reliance on the *Burns* opinion, moreover, OPM asserts that it will not and cannot petition for reconsideration — and therefore cannot petition for judicial review — of *any* MSPB non-precedential decision. As OPM has explained its position:

> [T]he MSPB's practice of issuing non-precedential decisions that are insulated from OPM-initiated judicial review has been upheld by the United States Court of Appeals for the Federal Circuit, the court that reviews MSPB decisions. *Horner v. Burns,* 783 F.2d 196, 200 (Fed. Cir. 1986). Based upon that precedent, *OPM is unable to exercise its statutory authority to seek reconsideration and judicial review of the MSPB's non-precedential Order in this case.*

Letter for Hon. Roger W. Mehle, Executive Director, Federal Retirement Thrift Investment Board, from Janice R. Lachance, Director, Office of Personnel Management (June 3, 1998) (emphasis added). OPM has reaffirmed this position in a letter to this Office, stating:

> OPM is prohibited from seeking reconsideration of a non-precedential MSPB decision because, by virtue of the Federal Circuit's decision in *Horner,* it may not lawfully make the substantial impact determination required by law to permit reconsideration and judicial review.

OPM Letter at 7.

The Federal Retirement Thrift Investment Board ("FRTIB"), in contrast, contends that OPM retains discretionary authority to petition the MSPB for reconsideration of its decisions whether they are precedential or not. *See* FRTIB Letter at 2–3. Among other things, the FRTIB contends that some non-precedential decisions issued by the MSPB *do* have a substantial impact on the civil service laws and that the *Burns* opinion, which the FRTIB believes is applicable only

opinion in *Newman v Lynch,* 897 F.2d 1144, 1146 (Fed. Cir 1990), sharply circumscribes the MSPB's authority to "pass judgment" on OPM's discretionary decisions to seek reconsideration of MSPB decisions.

to petitions for judicial review (as opposed to administrative reconsideration), does not prohibit the OPM Director from exercising her discretion to petition for reconsideration of such decisions. *See id.* at 2–3; FRTIB Letter II at 3. Additionally, the FRTIB disagrees with OPM's view that the sole purpose of petitions for reconsideration of MSPB decisions is to satisfy a prerequisite to judicial review. In the FRTIB's view, petitions for reconsideration serve the additional important purpose of affording the MSPB an opportunity to correct errors without the necessity of judicial review. *See* FRTIB Letter at 2–3.

## II.

### A.

Apart from § 7703(d)'s provision that the submission and denial of a petition for reconsideration of an MSPB decision is a prerequisite to judicial review in cases where OPM did not intervene before the MSPB, the statute provides no express standards governing when OPM may submit petitions for reconsideration or under what circumstances they may be granted. *See* 5 U.S.C.A. §§ 7701–7703. Indeed, § 7703(d)'s judicial review provisions contain the statute's only reference to, or provision for, the reconsideration procedure. To resolve the questions presented here, we must first determine whether the statute nonetheless is fairly read to incorporate a substantial impact standard as a prerequisite for seeking reconsideration as well as judicial review. We believe that it is.

Initially, a requirement that OPM must make a substantial impact determination as a prerequisite to petitioning for reconsideration of MSPB decisions is logically consistent with the overall statutory scheme. Such a determination is a prerequisite not only to OPM's seeking intervention or petitioning for MSPB review of an initial decision, *see* 5 U.S.C. § 7701(d)(1)(B) and (e)(2), but also to OPM's petitioning for judicial review of final MSPB decisions. In this regard, we note that an OPM petition for reconsideration in a case where it has not previously intervened is essentially a belated form of seeking both intervention and administrative review. Because the statute requires a substantial impact determination as a prerequisite to each of those procedural steps, it would be anomalous if that requirement could be bypassed only when OPM seeks to enter the case through a petition for reconsideration. Consequently, we agree with OPM that a substantial impact determination is required as a precondition to its petitioning for reconsideration under § 7703(d).

To be sure, the text of 5 U.S.C.A. § 7703(d) does not specify that OPM may file a petition for reconsideration of an MSPB decision only if that decision, in keeping with the standards for seeking judicial review, "will have a substantial impact on a civil service law, rule, regulation, or policy directive." In contrast, as noted above, the statutory provisions governing both OPM's right to intervene

in proceedings before the MSPB and its right to petition the full MSPB for review of an initial decision explicitly require an OPM determination that the case in question meets the substantial impact test. *See id.* § 7701(d)(1)(B) and (e)(2). It might therefore be argued that the absence of a "substantial impact" determination requirement in § 7703(d)'s provision for petitions for reconsideration reflects a conscious congressional choice to omit such a requirement, given that Congress knew how to, and did, make explicit provision for such a requirement in the case of other procedural steps before the MSPB.

Viewing the statutory scheme as a whole, however, we do not believe that this factor should be considered dispositive in this context. *Cf.* 2A Norman J. Singer, *Sutherland on Statutory Construction* § 47.25 (5th ed. 1992) (the interpretive maxim "expressio unius est exclusio alterius" should not be applied if its application would result in a contradiction or would not serve the purpose for which a statute was enacted). In providing in § 7703(d) that a petition for reconsideration would be a prerequisite to OPM's obtaining judicial review of MSPB decisions in cases in which it had failed to seek intervention, Congress did not purport to establish the particular procedural requirements that would govern the filing and consideration of petitions for reconsideration. Rather, Congress merely specified that OPM lacks authority to seek judicial review in a non-intervention case unless it seeks reconsideration and that request is denied. In contrast, Congress did undertake to establish specific procedural requirements in its statutory provisions for intervention and petitions for administrative review by the full MSPB. *See* 5 U.S.C. § 7701(d)(1) and (e). Congress's greater specificity in addressing these actions, however, does not imply that Congress intended different procedures to apply when OPM seeks reconsideration, and the structure of the Act supports the view that the same substantial impact requirements should apply.

The conclusion that a substantial impact determination is required for petitions for reconsideration is also consistent with the Senate Report accompanying the Civil Service Reform Act of 1978:

> A Committee amendment to this subsection limits the occasions on which the OPM could petition the Board for review to only those instances where the OPM director first determines that the decision is erroneous and that, if allowed to stand, the decision would have a substantial impact on the administration of the civil service laws within OPM's jurisdiction. The OPM should limit the cases in which it seeks the review by the Board to those that are exceptionally important.

S. Rep. No. 95–969, at 55 (1978), *reprinted in* 1978 U.S.C.C.A.N. 2723, 2777. The respective functions of OPM petitions for review and petitions for reconsideration are so similar that it seems unlikely that Congress intended for them to

be governed by differing procedural standards in this respect. Further, because § 7703(d) refers to OPM petitions for reconsideration by MSPB solely in the context of establishing the preconditions to seeking judicial review, logic and consistency suggest that the threshold standards for pursuing reconsideration should reflect the minimum standards for pursuing an appeal.[3]

This interpretation of the statute also accords with the MSPB regulations governing OPM's submission of petitions for reconsideration. Those regulations provide:

> (a) Criteria. Under 5 U.S.C. 7703(d), the Director of the Office of Personnel Management may file a petition for reconsideration of a Board final order *if he or she determines*:
>
> > (1) That the Board erred in interpreting a civil service law, rule, or regulation affecting personnel management, and
> >
> > (2) That *the Board's decision will have a substantial impact on a civil service law, rule, regulation, or policy directive.*

5 C.F.R. 1201.119 (1997) (emphasis added).[4] MSPB's rule requiring a substantial impact determination by OPM represents a reasoned interpretation of the statute to which OPM properly adheres, even if it goes beyond matters of procedure and touches on the exercise of OPM's discretion. Moreover, although the statute (as discussed below) places the decision to seek reconsideration within *OPM*'s discretion, the MSPB has a critical role in interpreting the statute, and OPM plainly may choose to follow the MSPB's reasoned interpretations even of OPM's discretionary powers.

Accordingly, we conclude that the OPM Director must determine that an MSPB decision satisfies the substantial impact test before she may properly file a petition for reconsideration of such decision. We now consider how the OPM Director's

---

[3] As the MSPB explained its interpretation in one opinion:

Such a petition [for reconsideration] is a prerequisite for judicial review, and the statute does not establish a different standard for . . reconsideration. Like a petition for judicial review, a petition by OPM for reconsideration must allege      that it will have a substantial impact on a civil service law, rule, regulation or policy directive.

*Hammond v. Department of Navy,* 50 M S.P.R. 174, 178 (1991)

[4] In the absence of specific statutory provisions governing petitions for reconsideration of MSPB decisions, the agency charged with administration of the statute is generally authorized to fill in the interstices of the statutory scheme through administrative rulemaking *See, e.g., Public Service Co. v. U S. Nuclear Regulatory Comm'n,* 582 F 2d 77, 82 (1st Cir 1978) ("In a regulatory scheme where substantial discretion is lodged with the administrative agency charged with its effectuation, it is to be expected that the agency will fill in the interstices left vacant by Congress "); *Precious Metals Assocs, Inc. v. CFTC,* 620 F 2d 900, 911 (1st Cir. 1980) (agency rulemaking proceedings "are designed to fill in the interstices of a statute") In particular, judicial deference to agency rules "is especially applicable" when the agency is "structuring its own rules of procedure and methods of inquiry " *Kelley v. Selin,* 42 F.3d 1501, 1511 (6th Cir. 1995).

discretion in making that substantial impact determination is affected by the non-precedential status of the decision.

## B.

In *Newman v. Lynch*, 897 F.2d at 1145–47, the Federal Circuit endorsed a broad interpretation of OPM's authority to petition for, and to obtain, meaningful reconsideration of MSPB decisions under 5 U.S.C.A. § 7703(d). In that case, the MSPB had upheld a discharged federal employee's allegations of discrimination on the basis of handicap. OPM filed a petition seeking reconsideration of the MSPB's decision, contending that the MSPB's finding that the employee had carried his burden of proposing a "reasonable accommodation" for his disability was inconsistent with prior MSPB decisions and erroneous as a matter of law. 897 F.2d at 1145. The MSPB, however, refused to consider OPM's petition on the merits, ruling that the decision in question "did not concern a civil service law" and that OPM therefore lacked authority to petition for reconsideration under the requirements of § 7703(d).

The Federal Circuit reversed, holding that "the MSPB has no authority to review the Director's exercise of discretion in seeking reconsideration of an MSPB decision" and rejecting "the Board's effort to restrict OPM with respect to what issues fall under OPM's authority granted in section 7703(d)." *Id.* at 1145–46. As the court further explained: "The portion of section 7703(d) granting OPM the right to seek reconsideration by the Board would be emasculated if the Board may refuse reconsideration without addressing the merits of the substantive issues raised by OPM." *Id.* at 1147. The *Newman* opinion also emphasized the narrow scope of the court's prior holding in *Horner v. Burns*, noting that the *Burns* court "meticulously limited the scope of its decision," and stressing that "[w]e did not recognize the broad authority now asserted by the Board to pass judgment on the propriety of the [OPM] Director's exercise of discretion in seeking reconsideration." 897 F.2d at 1146.[5]

Under the *Lynch* opinion, the MSPB lacks authority to circumscribe OPM's discretion in determining whether or not a particular MSPB decision may satisfy the substantial impact standard. In light of the broad discretionary authority allotted to OPM under *Newman*'s analysis, we believe that OPM may properly determine that even a non-precedential MSPB decision may have a "substantial impact" in particular circumstances.

---

[5] *See also Newman v. Corrado*, where the court invoked the legislative history of § 7703(d) in explaining the purpose and significance of petitions for reconsideration filed by OPM

The Senate Report [on 5 U.S.C § 7703(d)] certainly suggests that something more than the equivalent of a functus officio response was contemplated in Board proceedings. *The petition for reconsideration by OPM, in the words of the Senate Report, provides "an opportunity to consider the concerns of OPM."* See S. Rep. No. 95–985, *supra* at 2786.

897 F 2d at 1582 (emphasis added).

The MSPB itself has recognized OPM's discretion in determining whether the statutory prerequisites to intervening, appealing, or petitioning for reconsideration are satisfied. In *Uhlig v. Department of Justice*, 70 M.S.P.R. 443 (1996), for example, the Board stated:

> We cannot . . . decline to consider the merits of the Director's intervention brief on the grounds that we disagree with his discretionary determination that the Board erred in interpreting a civil service law, rule, regulation, or policy directive and that the Board's decision will have a substantial impact on a civil service law, rule, regulation, or policy directive.

*Id.* at 445.

It is difficult to reconcile the foregoing precedents with the view that the *MSPB*'s interpretation of the substantial impact test takes away OPM's discretion to find that a given non-precedential decision may in fact have a substantial impact on a civil service law, rule, or policy directive, and therefore warrant filing a petition for reconsideration. Such a view would preclude OPM from exercising the discretion recognized in the foregoing opinions, as well as in the MSPB's own regulation, *see* 5 C.F.R. § 1201.119(a). That regulation authorizes the OPM Director to file a petition for reconsideration when ''he or she'' — not the MSPB — determines that a decision will have the requisite substantial impact. Neither that regulation nor the Federal Circuit's opinion in *Burns* provides that the Director may make that discretionary determination only if it comports with the *MSPB*'s interpretation of the substantial impact test. Such an interpretation would also be inconsistent with *Lynch*'s holding that the MSPB may not ''pass judgment on the propriety of the Director's exercise of discretion in seeking reconsideration.'' 897 F.2d at 1146. Just as the MSPB may not foreclose OPM's authority to petition for reconsideration by ''determin[ing] which civil service laws fall within the responsibility of OPM,'' *id.* (citing *Horner v. Schuck*, 843 F.2d 1368, 1372 (Fed. Cir. 1986)), we do not believe it can do so by usurping OPM's authority to make its own discretionary determinations regarding the substantial impact standard.

Although the MSPB has itself acknowledged the broad discretion allowed OPM under the *Lynch* opinion, it has pointedly reserved the right to ''question'' OPM's authority in submitting petitions for reconsideration of non-precedential decisions:

> Noting its previous decisions which had rejected restrictive interpretations of OPM's authority to seek reconsideration under section 7703(d), the [*Lynch*] court concluded that the Board may not refuse to consider the Director's petition on the merits because it disagrees with the Director's discretionary determinations which

> the Director is required to make before filing the petition. There-
> fore, in accordance with the court's decision, we hold that, *with
> the exception of petitions for reconsideration of nonprecedential
> decisions*, the Board may not question the authority of the Director
> of OPM to seek reconsideration of a Board decision, but must con-
> sider the Director's petition on the merits.

*Hammond*, 50 M.S.P.R. at 179–80 (1991) (emphasis added; citations and footnote omitted).[6]

The MSPB's opinion in *Hammond* asserts its authority to *refuse* reconsideration of non-precedential decisions "on the merits." It does not establish that OPM lacks authority to *submit* such a petition as a predicate to seeking judicial review before the Federal Circuit under § 7703(d). In this regard, we consider it significant that the *Burns* opinion upheld the MSPB's rule denying reconsideration of non-precedential decisions on the carefully qualified grounds that it was "based upon sound policy considerations" and was an "appropriate practice *for the Board to utilize* in handling its heavy volume of cases." 783 F.2d at 201 (emphasis added). The court did not, however, hold that the MSPB was *required* to follow that interpretation on the grounds that it was the only permissible interpretation of the statutory substantial impact standard. Nor did the court consider or decide whether, as an objective matter, a non-precedential decision could never have a "substantial impact on civil service law, rule, regulation, or policy directive" from the distinct perspective of the *OPM Director* (as opposed to the "case manage-ment" perspective of the MSPB). *Hammond*, 50 M.S.P.R. at 178.

Thus, we do not believe that *Burns* prohibits the OPM Director from petitioning for reconsideration of a decision that she in good faith determines will, in fact, have the requisite substantial impact. An MSPB presiding officer might decide without explanation, for example, that a major, newly adopted agency personnel management policy directive was unlawfully applied to a particular employee. Although the policy directive would not be legally invalidated due to the non-precedential nature of the decision, the decision might well deter agency managers from adhering to the policy directive and thus seriously undermine its future application and utility. In the event that the OPM Director were to determine that the decision had a substantial impact on the policy directive under the cir-cumstances, we do not believe she would be legally barred from submitting a petititon for reconsideration in accordance with the requirements of 5 U.S.C.A. § 7703(d) and 5 C.F.R. § 1201.119. Ultimately, then, the decision whether a non-precedential MSPB decision has a substantial impact on the civil service laws or regulations so as to justify an OPM petition for reconsideration rests solely

---

[6] In support of this reservation, the Board asserted that *Horner v Burns* had upheld the rule "that reconsideration of nonprecedential decisions is inappropriate " 50 M S P.R. at 180 n 4. The *Burns* decision, however, did not establish or uphold any rule precluding *OPM* from *seeking* reconsideration of non-precedential decisions of the MSPB. It narrowly addressed the permissibility of the standards applied by MSPB in *disposing* of petitions for reconsideration

in the discretion of OPM. The Director is not legally precluded from petitioning for reconsideration of a non-precedential decision that she believes has such an impact; nor is she required to do so. Although we recognize that non-precedential decisions are generally unlikely to have a substantial impact on civil service laws, rules, regulations, and policies, we must also recognize that the OPM Director might legitimately conclude that, in certain unique circumstances, the requirement is satisfied.

## C.

In *Horner v. Burns*, the court upheld the MSPB's practice of denying petitions for reconsideration of unreviewed initial decisions of MSPB presiding officials on the grounds that such decisions are not "precedents of the Board" and therefore, for purposes of 5 U.S.C. § 7703(d), "would not have a significant impact upon civil service laws, rules, regulations, and policies." 783 F.2d at 199. As the court explained:

> The Board's treatment of unreviewed initial decisions of presiding officials as non-precedential is based upon sound policy considerations and is a reasonable and appropriate practice for the Board to utilize in handling its heavy volume of cases. . . .
>
> . . . . The Director has not given any convincing reason why this practice of the Board is not an appropriate and proper method for the Board to use in handling its large docket.

*Id.* at 201.

As we have shown, § 7703(d) and 5 C.F.R. § 1201.119(a) vest the OPM Director with broad discretion in determining whether to pursue an appeal from, or a petition for reconsideration of, an MSPB decision. In exercising that discretion, we believe the Director is free to follow the MSPB's interpretation of the substantial impact test upheld in *Burns* and adopt a *per se* rule that non-precedential MSPB decisions do not satisfy that test and therefore cannot provide justification for a petition for reconsideration. Indeed, insofar as the Director concludes that non-precedential decisions, by their very nature, do not satisfy the substantial impact standard, a practice of declining to seek reconsideration of non-precedential decisions would appear to conform to the governing MSPB regulation, *see* 5 C.F.R. § 1201.119. As discussed in Point II.B, however, we do not believe that such a conclusion is legally *compelled* by statute or case law.

## Conclusion

OPM may petition for reconsideration of an MSPB decision only if the OPM Director determines that the decision will satisfy the substantial impact standard. Although the Director may exercise her discretion to adopt a *per se* rule that non-precedential MSPB decisions never satisfy the substantial impact standard, the *Horner v. Burns* opinion does not dictate such a practice nor prevent the Director from exercising her statutory discretion to determine on a case-by-case basis whether that standard is satisfied on the particular facts of each non-precedential decision.

RANDOLPH D. MOSS
*Acting Assistant Attorney General*
*Office of Legal Counsel*
